STATE *ex rel.* J. C. BRECKENRIDGE, Relator, *v.* JAMES COOK, Registering Officer, &c., Respondent.

1. *Elections—Registration—Voters.*—The statute (G. S. 1865, p. 908, § 18) has made no provision for the registration of persons before any special election, except in cases where they have become qualified voters since the preceding general registration.  The throwing out of the vote of a whole election district by the court of appeals, because the officer making the registration was disqualified to act, does not give a party who was a qualified voter, and who was registered as such, the right to demand that he shall be entered as a qualified voter in preparing the lists of voters for a special election.  The statute has made no provision for correcting such errors.

2. *Courts—Jurisdiction—Hard Cases.*—It is better that an individual should be temporarily deprived of his rights than that the courts should overstep the boundaries of established precedent and sound construction, and annihilate the line which separates the legislative from the judicial functions.

*Petition for Mandamus.*

" John C. Breckenridge, your petitioner, respectfully shows to this court, that he is a voter residing in Union election district, Washington county, Missouri, and has subscribed and filed with the clerk of the County Court of said county the oath of loyalty prescribed by the Constitution; that he has been a volunteer soldier and officer, and served as such in the army of the United States from near the beginning to the close of the late war with the Rebels or Confederates, and was honorably discharged from the service of the United States; that at and prior to October, 1866, James J. Wilkinson had been appointed by the Governor of the State as supervisor of registration in and for said county, and duly qualified and acted as such, and as such officer he duly appointed Buel Atchinson, a resident of Breton district, officer of registration for Union election district on or previous to October, 1866; and that in October, 1866, in time and manner required by law, on due notice, the said Buel Atchinson, as such officer aforesaid, proceeded in said Union district to register the qualified voters; that your petitioner, together with some fifty or more loyal Union soldiers, took and subscribed the oath of loyalty, and did and performed all and every act required of them respectively to become registered voters in and for said district; and this petitioner says he was registered as a voter in said district, as were some fifty or more others, by said Atchinson, so acting as registering officer therein as aforesaid, and he is not aware of and never received notice of any objection made by any person or persons to his being a registered voter in said district. And your petitioner further says, that after he had been so registered as a qualified voter by said Atchinson in said district, and on the last day, and in the same afternoon of the last day of the meeting of the board of appeals in and for said county at Potosi, and without any notice thereof previously given to your petitioner, or any of the other voters so

registered, the said board of appeals rejected and declared null and void the entire list of registered voters, including the register of your petitioner, on the sole ground that the said Buel Atchinson, register as aforesaid, was not at the time a resident of Union district, but was a resident of Breton, an adjoining district in same county. Your petitioner says he has not since had the opportunity to become a registered voter in said district, although he is now and has for the past five years been a resident and duly qualified to be registered as a voter in said district. Your petitioner further says, that at the general election held in said county in November, 1866, Mr. Moreau was elected supervisor of registration in and for said county, and has duly qualified and been commissioned as such, and that on the —— day of October, 1867, there having been a special election ordered for representative in Congress in place of Hon. Thomas E. Noel, deceased, and there being a vacancy in the office of registration for said Union district, the said Moreau, as supervisor of registration, duly appointed James Cook, a resident and duly qualified voter, officer of registration in and for said district, and filed said appointment with the clerk of the County Court; and the said Cook has filed the required oath and entered upon the discharge of the duties of his office. And your petitioner further says, that one week's previous notice, in form and manner required by law in such cases for general registration, was given by said Moreau, as supervisor of registration, that a registration of voters would be taken and a session of the registering office for said Union district would be held in said district in October, &c., and a session of the board of appeals of said county would be held on the Saturday following. Your petitioner says that he has applied to said office of registration, and also to said supervisor of registration, and asked to have his name placed upon a list of registered voters, and to become a registered voter in and for said district, and that he has offered and is ready and willing to take and subscribe the oath of loyalty, and do and perform all other acts necessary and required

to become a registered voter in said district; but the said James Cook, registering officer as aforesaid, has refused and utterly refuses to permit your petitioner to become a registered qualified voter in said district. Wherefore your petitioner prays this court that a mandamus may issue directing and commanding said officer James Cook to register your petitioner as a voter in said district on your petitioner appearing before said officer and taking and subscribing the oath of loyalty, and otherwise satisfying said officer that your petitioner is and has always been a loyal person, and is a qualified voter in said district, and for such further and other order as the court may deem proper."

*G. I. Van Allen*, for relator.

Attorney-General, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The relator asks for a mandamus from this court to compel the registering officer of Union election district, in Washington county, to permit him to register. He states in his petition, substantially, that he is a duty qualified voter, and that he took and subscribed the oath of loyalty previous to the regular election in November, 1866, and was regularly registered as a voter, but that the court of appeals, composed of the supervisors of registration, threw out the vote of the entire election district in which he was registered, on the ground that the officer making the registration was disqualified to act; that he has made application to again register, in order that he may be entitled to vote at the special election for member of Congress in his district at the ensuing election ordered by the Governor of the State, but that the registering officer has refused to permit him to register. The Attorney-General has filed a demurrer to the petition, and for objection states that the allegations fail to show that the petitioner has become a qualified voter since the general registry had in 1866, but on the contrary shows that he was a qualified voter at the time said registry was had.

The decision of the whole case rests upon the 18th section of the law relating to registration. That section provides that for the purpose of keeping the list of qualified voters complete, the clerk of the County Court shall, fifteen days before any special election, cause to be delivered to the officer of registration of each election district the books of registration returned by said officer of registration, who shall immediately proceed to register the names of such persons as have become qualified voters after the closing of the registry, unless it appears that such person was restricted because sufficient time had not elapsed for his becoming a qualified voter, and that since such rejection sufficient time had elapsed. There is no provision whatever made for registering any persons, except such as have qualified since the closing of the last general registry. A person, therefore, who was duly entitled to registration and failed from any cause to be registered, cannot avail himself of the privilege when the lists are being completed in view of a special election. It seems that the law makes no provision, in case where the books are destroyed or they have been rendered ineffective for any reason, for making the registration anew. No new registry can be had till the next biennial election. There is undoubtedly a palpable defect in the law, a clear *casus omissus;* but this court cannot be appealed to, to amend and perfect laws by judicial legislation. This very case is one of great hardship and deprivation. Here is a citizen who fought in the armies of the country to preserve the government, who is a qualified voter according to law, and who has faithfully complied with all the prescribed forms of registration, and yet he is denied his privilege of exercising the elective franchise because the court of appeals and revision pronounced the book in which he was registered a nullity, and the law has failed to allow a new registration in such an instance. But it is better that he should be deprived of a right temporarily, than that this court should overstep the boundaries of established precedent and sound construction, and annihilate the line which separates judicial from legislative functions.

"We are bound," says Mr. J. Buller, in an early case in the King's Bench, "to take the act of Parliment as they have made it; a *casus omissus* can in no case be supplied by a court of law, for that would be to make laws; nor can I conceive that it is our province to consider whether such a law that has been passed be tyrannical or not"—Jones v. Smart, 1 T. R. 44, 52.

"A court of law" says Lord Abinger, "ought not to be influenced or governed by any notions of hardship; cases may require legislative interference, but judges cannot modify the rules of law"—Rhodes v. Smithurst, 4 Mees. & W. 63. To the same point, Hall v. Franklin, 3 Mees. & W. 259. "It is not for courts of justice, *proprio motu*, to provide for all the defects or mischief of imperfect legislation"—Smith v. Ruez, 2 Sumn. 354–5, per Story, J.

With the concurrence of the other judges, the mandamus will be refused.