—————o—————

James West, Appellant, *vs.* Archibald B. Ross, Respondent.

1. *Election—Ballots, not numbered cannot be counted—Const. of Stat.*—The provision of the statute concerning elections (W. S., 566-67), that all ballots cast shall be numbered, and that ballots not numbered shall not be counted, is not merely directory but mandatory. And an officer, elected by votes not numbered as required by that statute, will, on contest raising that issue, be held to have forfeited his election.

*Appeal from Gentry Circuit Court.*

*Chandler & Sherman, and W. P. Hall,* for Appellant.

I. The negative and prohibiting words render the statute, requiring the numbering of ballots, imperative. (Pot. Dw., Stat. and Const., 221-2, 228 ; Cato vs. Hutson, 7 Mo., 142; Pearse vs. Morrice, 2 A. & E., 94; Morrill vs. Haines, 2 N. H., 249 ; Comm. vs. Woelper, 3 S. & R., 29; People vs. McManus, 34 Barb., 620; People vs. Kilduff, 15 Ill., 500.)

*Pike, Heron, Ray and Lewis,* for Respondent.

I. As to directory and mandatory provisions in statutes, see the following cases : Doughty vs. Hope, 3 Denio, 249 ; Elmendorf vs. Mayor of N. Y., 25 Wend, 696 ; Ex parte Heath, 3 Hill, 43 ; Jackson vs. Young, 5 Cow., 269 ; Striker vs. Kelly, 7 Hill, 9.; People vs. Peck, 11 Wend., 604 ; 19 Wend., 143 ; Pot. Dw., 222, 223, n. 29, 224, n.

There is a class of cases which hold, that whether a statute is to be regarded as directory or not, is made to depend upon the employment, or failure to employ negative words which import that an act shall be done in a particular manner or time and not otherwise. (Hoyton vs. Huling, 7 Wend., 144.)

But Lord Mansfield's rule is a better one, that whether the statute is mandatory or not, depends upon whether the thing directed to be done, was of the essence of that required. (Rex vs. Loxdale, 1 Burr., 447 ; Pot. Dw., 224 n.)

II. The statute having imposed a penalty upon the Judges of Election for any failure to perform the duties pointed out therein (W. S., 571, § 39), the presumption arises, that the counting of the unnumbered ballots would be valid, though a fine would be incurred for so doing. (Morrill vs. Haines, 2 N. H., 299)

Vories, Judge, delivered the opinion of the court.

This was a proceeding on the part of the appellant against the respondent to contest the election of the respondent to the office of Clerk of the Circuit Court of Gentry county

No question is made in this court as to the sufficiency of the notice filed or the regularity of the proceedings thereunder.

The ground relied on in the notice for the contest of the election of respondent, and for setting the same aside is, that all of the ballots or votes cast, or voted, at said election at the voting precinct of the town of Gentryville, in Miller township in said County of Gentry, were unlawfully counted, when they were alleged to be wholly void for the reason that the ballots were not numbered by the judges of the election,

as required by law; that no number was indorsed on the ballots to correspond with the number of the voter as placed on the poll books or otherwise; and that if said votes had been excluded from the count of the votes, it would have resulted in the election of the appellant.

The names of the persons, voting the ballots which were claimed to have been illegally counted, were set out in the plaintiff's notice of contest.

On the trial in the Circuit Court the following facts were admitted by the parties: That the plaintiff and defendant were rival candidates at the election mentioned for the office of Circuit Clerk, as stated in the notice, and that they were the only candidates at said election for said office; and that they both possessed the qualifications required by law to authorize them to hold the office, if elected; that the names of all the voters set out, and named in the notice filed in the cause, represented legal and qualified voters of Miller township, Gentry county, Missouri, and were numbered on the poll books; but that these ballots were not numbered corresponding with the poll books, and were not numbered at all; that the judges of election in Miller township certified, that the respondent, Archibald Ross, received, in the Township of Miller, 179 votes, and that the appellant, James West, received 72 votes, making a majority of votes in said township and precinct for Archibald Ross, the contestee, of 107 over the appellant, James West.

It is further admitted, that the majority for Ross in the whole county, over West, was eight votes; and that if the votes in Miller township which were not numbered had not been counted in said election, West would have had a majority of 99 votes over Ross in said county; and it is also admitted, that no fraud was intended by the judges in failing to number the ballots.

The judges were introduced in evidence and swore, that the failure to number the ballots was an inadvertence on the part of the judges; and that they had counted out the ballots after the poll was closed in the evening of the day of the

election, and that the number of the ballots corresponded with the poll books. This was all the evidence in the case.

Upon this state of facts the court found for the respondent, and rendered a judgment in his favor.

The appellant filed his several motions for a new trial and in arrest of the judgment, which being overruled by the court, he excepted and appealed to this court.

The only question, it will be perceived, that is presented for the consideration of this court by the record in this case, is as to the proper construction to be given our statute regulating elections. By the fifteenth section of our election laws (W. S., 566) it is provided, that " the judges, to whom any ticket shall be delivered, shall, upon receipt thereof, pronounce, in an audible voice, the name of the voter. And if the judges shall be satisfied that the person offering to vote is a legal voter, his ticket shall be placed in the ballot box without inspecting the names written or printed thereon, or permitting any other person to do so; and the clerks of elections shall enter the name of the voter and the number in the poll books, agreeably to the form pointed out in the twenty-third section of this chapter; and it shall be the duty of the judges to cause to be placed on each ballot the number corresponding with the number of the voter offering the same; and no ballot not numbered shall be counted; and the ballots after being counted shall be sealed up, &c."

It is admitted by the respondent in this suit, that the ballots cast in Miller township were not numbered as required by this statute; and that the ballots so unnumbered were counted; and that, without counting them, the appellant would have been elected; but it is contended by him, that the statute requiring the ballots to be numbered is merely directory in its provisions, directing the Judges of the Election in a matter of form which does not form an essential ingredient in the right of the judges to count the votes, and therefore these ballots could be lawfully counted, notwithstanding they were not numbered.

This might be true if the statutes, as the statutes of 1855

did, in reference to elections in St. Louis county, simply directed the judges of elections to number the tickets without declaring what consequences should result in cases where the ballots were not numbered; but our present statute goes further; after the legislature by the statute directs, that the ballots shall be numbered, it proceeds to declare the consequence of a non-compliance with the direction, which is, that "no ballot not numbered shall be counted." Can we say that this negative clause is also only directory, and in that indirect way nullify or repeal by a judicial decision the whole provision of the statute requiring ballots to be numbered? If we deny the consequence affixed by legislature to the non-performance of a regulation provided by the law, it in effect nullifies the law itself. It is said that to ascertain whether a law is intended to be directory or imperative, does not depend so much on the construction of the language of the law as of its application. "The statute is sufficiently clear; the only point is, what shall be the consequence of a disobedience of its directions." (Sedg. Stat. and Con. Law, 369.) In the statute now under consideration, the legislature has not only by the statute directed what shall be done, but has also declared what consequence shall follow disobedience.

I think that no case can be found where such a law has been held to be merely directory. In fact, in New York, where a very liberal construction is given in favor of statutes being directory, it is generally put upon the ground, that there is no negative clause to the act. In the case of the "Directors of the Mohawk Railroad Co.," (19 Wend., 143,) Cowan, Justice, in delivering the opinion of the court, says:

" The statute, requiring inspectors of corporate elections to take an oath, is simply directory in its terms, and without any nullifying clause on account of omission."

And so it will be found in most, if not all, the cases referred to, and urged on the consideration of this court by the learned counsel for the respondent. The law in this case being imperative, that no ballot shall be counted not numbered, it is not competent, in order to sustain such an election, to

make proof that none in fact but competent voters voted (Cooley's Const. Lim., and cases cited, 602.)

This case may be a hard case and doubtless is; but the legislative enactment is clear, and although it may deprive a portion of the citizens of the county of their right to be heard in the election of a clerk at one election, it is better that they should suffer this temporary privation, than that the courts should habituate themselves to disregard or ignore the plain law of the land in order to provide for hard cases. (State vs. Cook, 41 Mo., 593.)

In the present case the legislature has provided and required, that the ballots shall be numbered, and then provides in express terms, that no ballot not numbered shall be counted. Can we say that such ballots shall be counted without an attempt at judicial legislation? I think not, and it would be a misapplication of terms to say that such a statute is only directory. Judges Wagner and Napton did not sit.

The other judges concurring, the judgment will be reversed and the cause remanded.