## CATTELL v. LOWRY ET AL.

1. **Election**: FORM OF BALLOT: TAXATION. When the question of voting a tax in aid of a railway company was submitted to the voters of a township and the trustees prescribed that the ballots should have written upon them the words "For Taxation" or "Against Taxation" and certain electors cast ballots bearing the words "Against taxation for the benefit of railroad companies or any other monopolies to the indebtedness of the poor man;" *held*, that such ballots should be counted the same as if they were in the form prescribed by the trustees.

2. **Injunction**: TAXATION. A court of equity has jurisdiction to restrain by injunction the collection of a tax which has been certified by mistake by the clerk to have been voted, when in fact the proposition for the levy of the tax was defeated.

*Appeal from Polk Circuit Court.*

TUESDAY, APRIL 3.

THE plaintiff is a resident property owner and taxpayer of Lee township, Polk county, Iowa. The defendant, Lowry, is treasurer of said Polk county. On the 23d of September, 1871, an election was held in said Lee township for the purpose of voting upon the question as to whether a tax of two per cent should be levied upon the taxable property of the township to aid in the construction of the Des Moines & Minnesota Railroad. The proposition submitted was in the following words:

" We, the undersigned, trustees of Lee township, in the county of Polk, in the State of Iowa, having been petitioned to do so by more than one-third of the resident taxpayers of said township, do, in pursuance thereof and of " An act to enable townships and incorporated towns and cities to aid in the construction of railroads," approved April 12, 1870, herein give notice to the legal voters of said township that there will be a special election held at Wm. Mathews' office, in Lee township, Polk county, Iowa, on the twenty-third (23) day of September, 1871, for the purpose of submitting to the legal voters of said township the question whether or not they shall aid in the construction of a railroad from the city of Des

Moines to Chickasaw station, on the Milwaukee & St. Paul Railroad, *via* Ames and Ackley (known as the Des Moines & Minnesota Railroad), by levying a tax of two per cent on the taxable property in said township, the same to be expended in the townships of Lee, Saylor, Crocker, Lincoln and Madison, in said county of Polk. Said tax, if voted, to be upon the express condition that the Des Moines & Minnesota Railroad Company shall consolidate with the Nashua & Milwaukee Railroad Company and make said road a part of the Des Moines & Milwaukee Railroad.

"The above question shall be submitted at said election in the following form: 'Taxation or no taxation.' Those voting in favor of said proposition shall have written or printed on their tickets the words, 'For Taxation,' and those voting against said proposition shall have written or printed on their tickets the words, 'Against Taxation.'"

Three hundred votes were cast in favor of the proposition and fifteen votes were cast against it. In addition, two hundred and ninety-four ballots were cast upon which were the following words:

"AGAINST TAXATION."
For the benefit of Railroad Companies, or any
other monopolies. To the indebtedness of the
poor man.

The township trustees, as judges of the election, caused to be entered in the poll book of Lee township the following: "For taxation (here follows marks and tallies to the number of 300), total, 300. Against taxation (here follows marks and tallies to the number of 309), total against taxation, 309." Afterwards they caused entries to be made showing the precise character of the ballots cast and the number of each. Thereupon the township clerk made and delivered to the county auditor a certificate, which is in the following words:

"To J. B. MILLER, *County Auditor:*

"I do certify that two per cent tax was voted on the taxable property of Lee township, Polk county, Iowa, at a special election held in Lee township, September 23, 1871.

"W. MATHEWS, *Township Clerk.*"

The board of supervisors having levied the said tax, and the county treasurer being about to collect the same, the plaintiff applied for and obtained an injunction against the collection of the tax and, upon hearing, the injunction was made perpetual. The defendants appeal.

*Barcroft, Given & Drabelle*, for appellants.

*McHenry & Bowen* and *Nourse & Kauffman*, for appellee.

ADAMS, J.—I. It is claimed by the appellants that the ballots containing the words "against taxation for the benefit

1. ELECTION: form of bal- lot: taxation.

of railroad companies or any other monopolies to the indebtedness of the poor man," cannot properly be counted at all. It is said that they are not votes upon the question submitted. The presumption, however, is that the voters intended to vote, and we must give the ballots cast such construction as to make them valid votes if they are reasonably susceptible of it. The words used may involve an ambiguity, but they are by no means destitute of meaning. The ballot cast is either a qualified vote or it is an absolute vote with an argument expressed upon the ballot in favor of such vote. It means either that the voter is against taxation for the benefit of railroad companies (including the one in question) or any other monopolies *if it is to result* to the indebtedness of the poor man; or else it means he is against taxation upon the proposition submitted inasmuch as he is against taxation for the benefit of railroads or any other monopolies because it results in indebtedness of the poor man. It is hardly to be supposed that those who cast the ballots in question intended to cast qualified or conditional votes. It must have occurred to them that there was no practical way of determining whether the taxation would or would not result in the indebtedness of the poor man; and it is not probable that they supposed that any such inquiry was to be instituted and determined in favor of the railroad company as a condition precedent to the levy of the tax. We must think, then, that all the words on the ballot after the words "against taxation" are appended by way of argument. It is contended

by the counsel for appellants that this cannot be so, because the words do not amount to a distinct proposition. But that is unnecessary. An opprobrious epithet is often used as an eliptical form of an argument. Regarding all the words as such upon the ballots after the words "against taxation" we cannot say that they should not be counted as votes. While the practice of writing or printing arguments upon ballots is not to be commended we know of no law which prohibits it.

II. But it is said that the levy of the tax is a judicial act, and that the plaintiff's remedy is not by injunction but by *certiorari*. The error complained of, however, it will be observed does not inhere strictly in the levy. The error was in the making of the certificate by the township clerk to the auditor. The certificate having been made the levy followed as a matter of course. The provision of the statute (Chap. 102, Laws of Thirteenth Gen. Assembly), is "that if a majority of the votes polled be for taxation then and in that case the township clerk or clerk of said election shall forthwith certify to the county auditor the rate per centum of the tax thus voted by said township. The board of supervisors shall, at the time of levying the ordinary taxes next following said special election, levy all taxes voted under the provisions of this act and cause the same to be placed on the tax list of the proper township." As will be seen it is made their duty to levy the tax upon the receipt by the county auditor of the township clerk's certificate certifying the per centum voted, and that duty is imperative. They are not made the judges of the election and are not supposed to have any records upon that subject except the township clerk's certificate. If a writ of *certiorari* should issue they could in return thereto only certify their proceedings and the township clerk's certificate which would not show the error complained of. The judges of the election are the township trustees, but they have committed no error, for it appears from the poll books that they virtually declared the tax not carried. No writ of *certiorari*, therefore, could issue as against them. It could not be granted against the clerk, for he is not an officer exercising judicial functions.

2. INJUNC-
TION: taxa-
tion.

This case is simply this: the tax was not voted; the judges of the election virtually so declared; their clerk, by mistake (as we will assume rather than by fraud), certified that it was voted; the levy was occasioned by this mistake. To our mind a court of equity has jurisdiction to restrain the collection of the tax by injunction and declare the levy void. *Zorger v. Township of Rapids*, 36 Iowa, 175. The decree of the Circuit Court is

AFFIRMED.