APPLEGATE, *Appellant*, v. EAGAN.

1. **Elections**: FORM OF BALLOT: TOWNSHIP ORGANIZATION RESTRAINING SWINE. Ballots cast at a general election for State, county and township officers contained, in addition to the names of the candidates and the offices to be filled, a clause for and a clause against township organization, and a clause for and a clause against restraining swine from running at large. As a caption to these clauses were printed the words, "Erase the clause you do not favor." *Held*, that this caption did not invalidate the ballot either as to township organization or the restraining of swine, or as to the candidates voted for. Construing Revised Statutes 1879, sections 5493, 7429, 7430, 7407, 7408, 7410.

2. ——: ——: CIRCUIT CLERK. A ballot containing the words "for circuit clerk and recorder," sufficiently indicates that the office to be filled is that of the clerk of the circuit court.

3. ——: NOTICE OF CONTEST. A notice of contest on the ground that voters were improperly influenced in casting their votes must give the names of the persons alleged to have been so influenced.

4. **Misrepresentations** by a candidate to the voters as to the legal effect of their ballots, whereby they are misled into voting for him, constitute no ground for contesting the election.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*C. A. Winslow* for appellant.

*Kinley & Wallace* for respondent.

NORTON, J.—This is a statutory proceeding instituted by plaintiff contesting the election of defendant Eagan to the office of clerk of the circuit court of Chariton county, at the general election held on the 2nd day of November, 1880, for State, county and township officers.

The notice of contest, among others, alleged in substance the following as ground for contest: (1) That all the ballots cast at said election for defendant Eagan, were fraudulent and void, because said ballots in addition to having all the names of the candidates for the various offices to be filled, contained a ballot for and against township organization, and for and against restraining swine from running at large, with the following caption: "Erase the clause you do not favor." (2) That on the said ballots the office for which Eagan was voted to fill was designated: "For circuit clerk and recorder." (3) That defendant did, on the day of election, and some days prior thereto, cause to be circulated, false and fraudulent statements and printed circulars, with the intent to influence votes, said statements and circulars being to the effect that if any voter erased the name of Eagan from the printed tickets and ballots which had said name printed thereon as a candidate for the office of clerk of the circuit court, and substituted the name of Wm. C. Applegate for said office, such ballot could not be counted, and such person would lose his vote; and that defendant also printed and circulated a fraudulent circular, over the name of the Democratic executive committee, headed: "Beware of a fraudulent ticket with the

name of W. C. Applegate for circuit clerk instead of the name of James A. Eagan,"· well knowing that there was no fraudulent ticket with the name of said Applegate on it circulated· or used at said election; that by reason of these things at least 300 voters were deceived and influenced into voting for Eagan, who otherwise would have voted for contestant, Applegate, and thereby given him a majority of all the votes cast.

Defendant moved the court to strike out the above three grounds of contest, which motion the court sustained, and this action of the court is assigned here for error by plaintiff on his appeal.

It is insisted by counsel that the first ground of contest was well taken, and that all the ballots, for the reason therein mentioned, are condemned as fraudulent and void by reason of section 5493, Revised Statutes, which is as follows: "Each· voter at any election shall, in full view, deliver to one of the judges of election a single ballot, which shall be a piece of white paper, on which shall be written or printed the names of the persons voted for, with a designation of the office which he or they may be intended to fill. Said ballot shall not bear upon it any device whatever, nor shall there be any writing or printing thereon, except the names of persons and the designations of the office to be filled, leaving a margin on either side of the printed matter for substituting names. Each ballot may bear a plain written or printed caption thereon, expressing its political character, but on all such ballots the caption or head lines shall not in any manner be designed to mislead the voter as to the name or names thereunder. Any ballot not conforming to the provisions of this chapter shall be considered fraudulent, and the same shall not be counted."

If this section of the statute was the only one to be consulted and applied in determining the validity of the ballots sought to be impeached by the notice, there might be something in the point made by counsel. But in view

*[margin note: 1. ELECTION: form of ballot: township organization: restraining swine.]*

of what is said in sections 7429, 7430, 7407, 7408, Revised Statutes, we think the point made is not maintainable. These sections are as follows:

Section 7429. At any general election that may be holden in the several counties of the State, the qualified voters in any county may vote for or against township organization, as provided by this article.

Section 7430. The county court, on petition of one hundred legal voters of said county, shall cause to be submitted to the voters of the county the question of township organization under this article, by the ballot to be written or printed, "For township organization," or "Against township organization," to be canvassed and returned in like manner as votes for county officers.

Section 7407. The legal voters of any county in this State shall have the right, at any general election, or at any special election called for the purpose, to vote to restrain swine from running at large in such county, and if a majority of votes cast at any such election shall be for restraining swine from running at large, then swine shall not be allowed to run at large.

Section 7408. Upon petition of one hundred freeholders of any county in this State, asking for the same, the county court shall submit to the qualified voters of such county, at a general or special election, as prescribed in this chapter, the question of restraining swine from running at large.

Section 7410. There shall be written or printed on each ballot voted at any such election, either of the following sentences: "For restraining swine from running at large." "Against restraining swine from running at large." Any such election, the voting thereat, making returns thereof, and casting up the result shall be governed in all respects by the laws applicable to general or township elections for county or township officers.

Under these sections when a county court makes an order submitting one or both of the above questions at a

general election, it is clearly the right of every qualified voter to cast his ballot at such election, either for or against township organization, and for or against swine running at large; and, as under section 5493, *supra*, each voter can only cast at such election one ballot, when that is done his power and right to vote at such election is exhausted. It necessarily, therefore, follows from this that the only way in which a voter can exercise his right, at such general election, for both State, county and township officers; and for or against township organization, or restraining swine from running at large, would be to vote a ballot embracing both subjects. Full authority, we think, was given by the sections to put on the ballots in question, containing the names of candidates, and the offices for which they were candidates, the questions of township organization and restraining swine, to be voted upon, viz: "For township organization." "Against township organization." Counsel seem to concede this much, but contend that the words "Erase the clause you do not favor," put on as a caption to these questions, vitiate not only the ballot as to township organization and swine running at large, but also the ballot as to all candidates for State, county or township offices.

Construing the statutes together, we are of the opinion that the words "Erase the clause you do not favor," do not vitiate the ballot, either as to township organization or restraining swine, or as to any candidate for any of the offices named in the ballot. Each ballot cast embraced two separate and distinct subjects, having no relation to nor influence over each other; one relating solely to the election of officers, the other to the adoption of two laws relating to township organization and restraining swine from running at large. Each of these subjects, by virtue of the above statutory enactments, was authorized to be placed on the ballots cast at said election. There is no pretence in this case that the ballots cast, so far as they related to one of the subjects embraced, viz: the election of officers, did not

conform strictly to the letter of the law as declared in section 5493, *supra*. Nor can the words " Erase the clause you do not favor," be made to apply to any other portion of the ballot than that which embraced the other subject relating to township organization and restraining swine; and it is only the ballot relating to the election of officers, which is condemned by section 5493, *supra*, for non-conformity to its provisions, and that section cannot be stretched by construction to apply to the ballot relating to township organization.

It will be observed that the law authorizes the county court to submit the question of restraining swine to the voters, at either a special or general election. Now, if the county court had ordered this question to be voted upon at a special election, and the ballot voted at such election had read as the ballot upon that subject reads in this case, viz : " Erase the clause you do not favor." " For restraining swine from running at large." "Against restraining swine from running at large," by what authority could such a ballot be pronounced fraudulent and void ? Certainly not by the statute which authorizes the question to be submitted, because it does not declare that such a ballot should be fraudulent and void. The statute does not prohibit such a caption, nor does it declare that if such ballot contains other matter upon it, it shall be void and not counted, as is done in section 5493, *supra*, prescribing the form of ballot to be voted for in the election of officers. If not authorized to pronounce it void, because not interdicted by the statute authorizing the question to be submitted, we would not be justified in declaring that it was void on the ground that it was calculated to deceive and mislead the voter, for, on the contrary, the words supposed to be obnoxious to the validity of the ballot, so far from having a tendency to mislead or deceive, directly tended to aid the voter to cast his ballot in such manner as to be effectual and have it counted. Nor would we be authorized to invoke section 5493 in condemnation of such a ballot, for the reason that

the said section only undertakes to prescribe the form of a ballot upon another and distinct subject, viz: the election of State, county and township officers, and only pronounces its anathemas against a ballot relating to that subject which does not conform to its requirements. Now, if such a ballot voted at a special election is a valid and legal ballot, we are at a loss to perceive how the mere fact of putting the question in the same form on a ballot voted at a general election, containing the names of candidates and the offices for which they are candidates, would not only have the effect of making it void (as is contended) as to the question to which it related, but also of vitiating a ballot as to a subject to which it did not relate at all. To so hold would involve the absurdity that a ballot unobjectionable and valid if cast at a special election, if cast at a general election would not only be vicious and void as to the question voted upon, but would vitiate the entire ballot as to officers, although such ballot as to officers conformed strictly with all the requirements of section 5493.

The second ground for contest, that the office for which defendant Eagan was a candidate was not sufficiently des-

2. ——: ——: ignated, we think equally untenable as the
circuit clerk. first. The words employed to denote the office for which Eagan was a candidate, were: "For circuit clerk and recorder." In common parlance when the term circuit clerk is used it is understood to mean clerk of the circuit court, and we are of the opinion that the words employed sufficiently designated the office and could by no reasonable intendment have reference to any other office than that of the office of clerk of the circuit court of Chariton county, and in this opinion we are sustained by the following authorities: *People ex rel. v. Matteson,* 17 Ill. 167; *Cattel v. Lawry,* 45 Iowa 478; *McClure v. McClurg,* 53 Mo. 173; *Sidwell v. Birney,* 69 Mo. 145.

The third ground of contest, alleging that certain false and fraudulent handbills were distributed, notifying

3. ———: notice of voters that if they erased Eagan's name from
contest.          certain tickets and inserted Applegate's, their
votes could not be counted, and that 300 voters were thus
influenced to vote for Eagan who would have voted for
Applegate, is equally untenable, first and mainly, because
the name of no one voter of the 300 voters who were said
to be thus influenced is given.   The object of these notices
of contest is to notify the other party of what he is to de-
fend against, and this notice, by omitting the names of said
voters, imparted no such information to defendant.   There
is as much reason for requiring the notice to specify the
names of the voters improperly influenced as to require
the names of voters to be given who are objected to on
the ground that they were not qualified voters on account
of age, residence, etc.

Besides this, it is not claimed that there was either
intimidation, bribery or force, to influence voters, but a
misrepresentation as to the law which every man is pre-
sumed to know, and against mistakes in law courts gener-
ally afford no relief.   The kind of misrepresentation and
improper influence relied upon in the notice does not come
up to what is required in election cases as reported in
Brightley's Election Cases, 612.   In the view we have taken
of this case, the case of *West v. Ross*, 53 Mo. 350, and
kindred cases to which we have been cited, have no appli-
cability.   Judgment affirmed, in which all concur.

Motion for rehearing overruled.