THE GLOBE FURNITURE COMPANY, Appellant, v. DISTRICT 7, TOWNSHIP 62, RANGE 31, Respondent.

Kansas City Court of Appeals, December 5, 1892.

1. **Evidence**: SCHOOL CONTRACT: VARIANCE. The action was on a contract with district number 7, township of D., etc. The corporate name of defendant is district 7, township 62, etc. There was no offered explanation of the discrepancy. *Held,* the contract was rightly excluded as evidence.

2. **Schools**: DUPLICATE CONTRACT: STATUTE CONSTRUED. Though a contract with a school district is executed, yet, if it be not in duplicate, and one copy filed with the clerk as required by section 3157, Revised Statutes, 1889, it is fatally defective, and will not bind the district. GILL, J., *dissenting, holds,* that the statute in requiring the duplicate copy filed with the board is directory merely, and such requirement is not the *essence* of the statutory command.

*Appeal from the Gentry Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Geo. W. Shoemaker,* for appellant.

(1) The court erred in excluding the contract offered in evidence. The contract is not pleaded according to its terms or its form, but according to its

legal effect, and the date is not essential except upon the question of identity. 2 Greenleaf on Evidence [11 Ed.] sec. 12. The identity of the contract is to be determined from all the evidence, and in this case all question of identity is removed by the evidence of the directors who made and signed the contract for the defendant district. They further say that the contract was made when the board of directors was in session, and signed on the same day in pursuance of the action of the board. (2) It will, perhaps, be contended by respondent here, as at the trial, that the court was justifiable in excluding the contract, because of the provisions of section 3157, Revised Statutes, 1889, but I am at a loss to see how this statute in any way affects or changes the status of the question in this case. *Woolfolk v. Randolph Co.*, 83 Mo. 506.

*McCullough, Peery & Whitten*, for respondent.

(1) The petition declares upon a contract or agreement "made and entered into with the defendant by its authorized officers and agents," "whereby the said Michigan School Furniture Company agreed to sell to defendant," etc. The contract offered in evidence purported to be "between school district number 7, township of Darlington, county of Gentry, and state of Missouri, party of the first part," etc. The corporate name of this defendant, as stated in the petition and wherever it occurs in this record, is "district number 7, township 62, of range 31." This corporate name is fixed by statute. Revised Statutes, sec. 7969; *Hart v. Wire Co.*, 91 Mo. 420. (2) If for any reason the contract offered in evidence was not relevant or competent, its exclusion cannot be assigned as error, no matter whether the true ground of objection to it was stated or not. "It will suffice that it affirmatively appears from

the record that the evidence was incompetent or irrelevant, regardless of the form of the objection thereto." *Crow, Hargadine & Co. v. Stevens*, 44 Mo. App. 137.

ELLISON, J.—I. This action is based on a written contract between the plaintiff and defendant. The contract was excluded by the trial court, and plaintiff having for that reason suffered a nonsuit appeals. The contract declared upon is alleged to have been made with defendant; whereas the contract offered in evidence is made with "school district number 7, township of Darlington, county of Gentry, and state of Missouri." The corporate name of defendant, and under which it must contract, is as it is set out in the petition, and as designated by law, viz., "district number 7, township 62, range 31, of Gentry county." Revised Statutes, 1879, sec. 7021. There was no offer to remedy this defect, and the contract was, therefore, rightly excluded on this ground.

II. It may be conceded that after directions given by the board at a board meeting the discrepancy as to dates arose from mistake, or from the contract having been written out and dated prior to its execution. But it appears that it was not executed in duplicate, and one copy thereof left with the clerk of the board as required by sections 3157, 3158, Revised Statutes, 1889. This is fatal to its validity. The district is only authorized by statute to contract in a certain way; a special method is pointed out, and should be substantially complied with. It is said in *Heidelberg v. St. Francois Co.*, 100 Mo. 69: "When special powers are conferred, or where a special method is prescribed for the exercise and execution of a power, this brings the exercise of such power within the purview of the maxim, *expressio unius*, etc.; and by

necessary implication forbids and renders nugatory the doing of the thing specified except in the particular way pointed out. And this rule obtains as well in regard to the organic law as to the statutory law. The familiar principle here announced is tersely uttered by the English court of exchequer, in a comparatively recent case, where it is thus expressed: "If authority is given expressly, though by affirmative words, upon a defined condition, the expression of that condition excludes the doing of the act authorized under other circumstances than those so defined. *Expressio unius, exclusio alterius.*" A history of the times at the date of the enactment of this statute, and prior thereto, shows that disputes, trouble and litigation over contracts with municipal bodies, and *quasi* municipal bodies like the defendant, was the cause of the enactment. Contracts for school maps, globes and furniture were frequently the subject of litigation, and school officers were defending on the ground that they had never signed a contract, or, if they had, the one in suit had been changed, or was unlike the one made by them. To obviate this, it was provided by law that such contracts should be executed in duplicate, one copy to be left with the clerk, and *that such copy should govern as to the construction to be given thereto.* I think, therefore; that for this additional reason the contract was properly excluded. Judgment affirmed. All concur. GILL, J., in a separate opinion.

### SEPARATE OPINION.

GILL, J.—I do not concur in paragraph 2 of the foregoing opinion; that is, that the contract between the parties was invalid because a duplicate copy thereof was not filed with the clerk of the school board. When the contract was reduced to writing, and signed by the

parties, it was then binding and operative under the statute; and it ought not to be held for naught because of a failure to make a copy, and file it with the school board. Section 3158 (providing for such duplicate copy) is directory merely. Sutherland on Statutory Construction, sec. 447; Sedgwick on Construction of Statutes [2 Ed.] 316, *et seq.; Cape Girardeau v. Riley*, 52 Mo. 424; *West v. Ross*, 53 Mo. 350.

The substance of the statute was complied with when, according to section 3157, an agreement of writing was entered into and signed by the plaintiff and the proper officers of the school corporation; and that they neglected to make out a duplicate copy and file it with the clerk was a failure to do something *not* of the *essence* of the statutory command, but the neglecting only to do some act, subsequent to the making of the contract, and which the statute did not require in order to validate the same.

There was no question made as to the contract produced at the trial being genuine; indeed, the officers admitted the instrument to be the identical paper they signed. Hence, there was no dispute of that kind to be settled by any production of a duplicate copy.