Newman, J.
The only question for determination in this case arises upon a demurrer to the petition filed in an election contest proceeding begun in the probate court of Cuyahoga county. The demurrer filed by the mayor of the village of Chagrin Falls was sustained by the probate court and the contestant not desiring to amend or plead further judgment was rendered against him. Error was prosecuted to the court of common pleas and the judgment of the probate court there affirmed. This judgment of the court of common pleas was reversed by the court of appeals and the cause remanded to the probate court with instructions to overrule the demurrer and for further proceedings according to law. The mayor of the village has filed a petition in error in this court and seeks a reversal of the judgment of the court of appeals.
An election was duly and legally called to be held in the village of Chagrin Falls on August 2, 1913. The mayor in his proclamation, published according to law, notified the voters of the village to meet at the usual places of voting, two in number, on Saturday, August 2, 1913, between the hours of 5 :30 o’clock a. m. and 5 :30 o’clock p. m., central standard time, to vote upon the question as to whether the sale of intoxicating- liquors should be prohibited in the village. On the day of the election a cloth banner was displayed in each of the polling places containing in large black type the *310 following: “Special Election to-day, Polls open from 5:30 a. m. to 5:30 p. m.”
The above facts appear in the petition and then follow these allegations:
“Your petitioner further represents to the court that the duly appointed judges of said special election, or one of them, caused to be erased on said printed banner, the printed figures 5:30, and under said figures in lead pencil, marked 6:00, so as to make said banner- read as follows: ‘5:30 A. m. to 6:00 p. m/
“Your petitioner further represents to the court that when the votes cast at said special election were counted, it was found and determined by the officers canvassing the votes of said special election, that the sale of intoxicating liquors as a beverage in said village was prohibited by a majority of two votes.
“Your petitioner further represents that the judges and clerks of said election, contrary to law, and in violation thereof, and contrary to the mayor’s published proclamation of said special election, and contrary to the printed banners required to be displayed on each polling place, kept the polls open thirty (30) minutes longer than is provided by law, and as provided for and published in said proclamation, and on said printed banners.
“Your petitioner further represents to the court that after 5:30 p. m., central standard time, being the time fixed by law, by said proclamation and by said printed banners, a large number of votes were cast by the legally qualified voters of said village in favor of prohibiting the sale of intoxicating *311 liquors as a beverage, in said village, which said votes so received by the election officers, after the lawful time for closing said polls, changed the result of said election; and had the law been observed and the polls closed at the time provided by law, by said proclamation and by said printed banners, the result of said special election would have been different than now appears upon the face of the poll books of said special election, and the sale of intoxicating liquors as a beverage in said village would not have been prohibited at said special election.”
The petition prayed that notice be given to the mayor of the village of the pendency of the action and that on final hearing the court declare the election to be void and the returns certified by the election officers to be of no force and effect.
The sufficiency of the petition was challenged because of the failure to allege the presence of fraud or deception, that any legal voters were deprived of the opportunity to vote or that illegal voters were permitted to vote.
It is the contention of counsel for the contestant, the defendant in error here, that if, after the legal time for closing the polls, enough votes were cast to make different the result of the election from that result as computed from the votes cast at the hour the polls should have been closed according to law, then the election was void. It is alleged in the petition that had the polls been closed at 5:30 p. m. the sale of intoxicating liquors would not have been prohibited at said election.
*312 This election was held under the Beal local-option law, in which it is provided that the election shall be conducted as provided by law for the election of members of council of the municipal corporation where the local-option election is held.
Section 5056, General Code, as amended February 6, 1913 (103 O. L., 21), reads: “The polls shall be open at five thirty o’clock forenoon and kept open up to, and closed at, five thirty o’clock, central standard time, in the afternoon of the same day.” Prior to the amendment the time of closing the polls was fixed by the statute at 6 o’clock.
There are certain provisions of law relating to elections and the conduct thereof which are mandatory, but those fixing the time for the opening and closing of the polls have been held uniformly to be directory merely, unless such provisions are declared to be essential by the statute itself. Fry v. Booth, 19 Ohio St., 25; Montgomery v. Henry, 144 Ala., 629, 1 L. R. A., N. S., 656, and the cases cited.
The purpose of a popular election is to ascertain the will of the electors as to a given proposition submitted to them or as to who shall serve them as officers. Where there is a fair and honest expression of the will of the electors and where there is no fraud and where no substantial right is violated, an election will not be invalidated by reason of a failure to follow directory provisions of the law. In the instant case it is not claimed that any votes were cast after the legal time for closing the polls which were not entitled to be cast had they been cast within the hours fixed by statute. *313 It is conceded that the polls were not kept open by the election officers after the time fixed by law for the purpose of altering, changing or affecting in any way the result of the election, nor was there any fraud or collusion. It was simply'an innocent noncompliance on their part with the directory provision of the statute relating to the closing of the polls, unaware, perhaps, of the fact that Section 5056 had been amended.
Was the purpose of this election — the securing of a fair and honest expression of the will of the electors as to whether intoxicating liquors should be sold as a beverage in the village — interfered with? From aught that appears in the petition every elector in the village voted. No one was deprived of his vote. No illegal vote was cast. There was no impediment or obstruction to a fair expression of the will of the electors.
In Fry v. Booth, supra, where the polls were closed “for the hour spent at dinner,” the court say that a departure from a strict observance of the provisions of the statute as to keeping open the polls does not necessarily invalidate the election where it appears that no fraud has been practiced and no substantial right violated.
Were the polls closed at a time earlier than that fixed by law and qualified voters were thereby prevented from voting, and it could be shown that the result of the election would have been materially changed had the polls been kept open up to the time fixed by law, then it might be said that there was an interference with the free and full expression of the majority. But keeping, open the polls after *314 the time fixed by law and permitting no one to vote except qualified voters does not have that effect.
The failure of the election officers to observe this directory provision of the statute did not render the votes of qualified electors cast after the time fixed by law illegal. Those cast after the time fixed by law were as expressive of the will of the electors as those cast before.
It not appearing in the petition that there was fraud, or that illegal votes were cast after the time fixed by law for closing the polls, or that any substantial right was violated, or that there was any interference with a fair and honest expression of the will of the electors, a cause of action is not stated. The probate court was correct in sustaining the demurrer, and the judgment of the court of appeals is therefore reversed and that of the common pleas affirmed.

Judgment of the court of appeals reversed and that of the court of common pleas affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Jones and Matthias, JJ., concur.