[Montgomery v. Henry.]


# Montgomery *v.* Henry.

### Contest for Election of County Officers.

[DECIDED Nov. 21, 1905, 39 So. REP. 507.]

1. *Elections; Construction of Statute.*—Statutes which tend to limit the citizen in the exercise of his right to vote, and of having his vote counted, should be liberally construed in his favor.

2. *Same; Directory Provision.*—The courts will construe to be formal and directory those provisions of the election law which are not essential to a fair election, unless the statute, by its terms, declares them to be essential.

3. *Same; Criminal Statute.*—The fact that election officers are subject to criminal prosecution for the violation of provisions in election statutes does not render these provisions mandatory as to the elector.

4. *Same; Numbering of Ballots.*—Const. § 190 authorizes the legislature to provide by law the manner of holding election and ascertaining the result of the same. Gen. Acts 1903, p. 453, § 34 1-2, provides that each ballot shall be numbered by one of the inspectors to correspond to the number of the voter voting the same in the poll list; § 78 (p. 470) requires the inspector to deposit the ballot in the proper box after it is numbered to correspond with the number on the poll list; § 50 (p. 456) makes it a misdemeanor, punishable by fine, for any officer to neglect or refuse to perform any official duty required by the act; § 87 (p. 473) provides that, if it is impossible to determine the elector's choice for such office, his ballot shall not be counted for such office; nor shall any ballot be rejected on account of any technical error which does not make it impossible to determine his choice. *Held;* that the provisions of the act requiring the ballot to be numbered are not mandaspector are left unnumbered, should, nevertheless, be counted, where the elector's choice can be ascertained from the ballot, and there is no complaint of fraud or evil practice.


APPEAL from St. Clair Probate Court.

Heard before Hon. W. S. FOREMAN.

C. C. Montgomery, candidate for tax collector of St. Clair County files this contest against William E. Henry,

[Montgomery v. Henry.]

who was declared duly elected tax collector of St. Clair county. There was judgment for contestee, and contestant appeals.

INZER & MONTGOMERY, SMITH & HERRING and JAMES T. GREEN, for appellant; insisted that the purpose and intention of the election law of 1903 was to prevent fraud in election, and that one of the requirements in that direction was the numbering of the ballot; and that this requirement of the statute was mandatory and rendered ballots unnumbered void and liable to contest; citing Gen. acts 1903, p. 438; *Sweeney v. Hint,* 23 Nev. 409; *West v. Ross,* 53 Mo. 350; *Ledbetter v. Hall,* 62 Mo. 422; *State v. Conner,* 86 Tex. (civil appeals 1894); A. & E. Ency. of Law, Vol. 10 pp. 716-717 and notes. And that the provisions of the statute prescribing a penalty for a failure to perform every duty required by the statute by the election inspectors, made the provisions of the statute as to the numbering of ballots mandatory; citing, *Hodge v. Linn,* 100 Ill. 397; *Blankenship v. Israel,* 132 Ill. 514.

GOODHUE & BLACKWOOD, for appellee; insisted that the statutory requirements as to numbering the ballots was merely directory and not mandatory; and that statutes limiting the right of the exercise of suffrage should be liberally construed; citing, McClary on Elections §§ 137-139-190-187; *Parvin v. Weiburg,* 30 Am. St. Rep. (Ind.) 260; *Bowers v. Smith,* 16 L. R. A. (Mo.) 759; *Blankenship v. Israel,* 24 N. E. Rep. (Ill.) 615; *Boyd v. Mills,* 25 L. R. A. (Kan.) 488; *Lindstron v. Co. Comm.,* 19 L. R. A. (Mich.) 171; *Moyer v. Van De Vanter,* 29 L. R. A. (Wash.) 672; *Buckner v. Lynip,* 30 L. R. A. (Nev.) 356; *People v. Biddlemon,* 69 Hun. 596; *State v. Thayer,* 31 Neb. 82; McClary on Elections, §§ 226-227-228.

DENSON, J.—At the general election held in November, 1904, C. C. Montgomery and William E. Henry were opposing candidates for the office of tax collector in St. Clair county. When the return from the various precincts in the county were canvassed by the board of

[Montgomery v. Henry.]

supervisors, it was ascertained that Montgomery had received 963 votes and Henry 976 votes, and Henry was declared duly elected to said office.

Montgomery then instituted a contest against Henry before the judge of the probate court in said county. The cause was tried by the judge on an agreed statement of facts, judgment was rendered in favor of the contestee and from that judgment Montgomery prosecuted this appeal.

By the agreed statement of facts it is shown that the election was in all respects fairly held and the result in each precinct was correctly ascertained and properly returned by the inspectors. There is no imputation of fraud, or evil practice against any candidate, voter or election officer. But, in four of the precincts the inspectors neglected to number the ballots and as shown by the agreed statement of facts this irregularity on the part of the inspectors in failing to number the ballots constitutes the basis for the contest. Or as stated in the agreed statement of facts: "It is agreed that if the court should hold that the unnumbered ballots should not have been counted then the contestant is entitled to judgmnt." Thus by the agreed statement of facts all questions except the rightfulness of the counting of the unnumbered ballots were eliminated. And so the record stands before us.

The case involves a construction of sections 34 1-2 and 78 of the act of the legislature, approved October the 9th, 1903, entitled "An Act to further regulate elections in the State of Alabama."—General Acts, 1903, p. 438.

Those sections of the Act are in the following language: "Sec. 34 1-2. Each ballot shall be numbered by one of the inspectors to correspond to the number of the voter voting the same on the poll list. A voter may write his name on his ballot. The number corresponding with the voter's name on the poll list must be plainly entered in ink on the back of the ballot of the voter. Any person who compares the number on the ballot with the poll list shall be guilty of a misdemeanor, and on conviction shall be fined not less than one hundred dollars; provided, this shall not apply on the trial of any contested election case."

"Sec. 78. The inspector receiving the ballot shall detach the stub and pass the ballot to each of the other inspectors, and it must then without being opened or examined be deposited in the proper ballot box, after being numbered to correspond with poll list."

The acute question is, are the requirements of the sections mandatory or directory?

We deem the exigencies of the case do not call for a discussion of the origin and purpose of the enactment, any one who may desire to prosecute that inquiry may be greatly aided by consulting the cases cited in the briefs of counsel, wherein similar statutes were discussed and construed and some of which will be hereinafter cited. In the discussion we shall endeavor to be as brief as we possibly may be, considering the importance of the question.

As has already been disclosed, the case does not involve the act of any candidate or voter, but the acts of the inspectors of the election in the four precincts mentioned in the agreed statement of facts, and the acts of the inspectors assailed are untainted with fraud or dishonesty.

Section 190 of the Constitution authorized the legislature to enact laws not inconsistent with that instrument, to regulate and govern elections. (a) And the legislature shall provide by law for the manner of holding elections and of ascertaining the result of the same, and of registration, etc. "Such laws will necessarily sometimes have the effect of preventing the elector from voting or of having his vote counted. For instance, a law for the registration of voters, to be effectual, must provide that one not registered shall not vote, and may require of the elector other conditions. But in all these matters the voter had the privilege of voting by a compliance with the law, and his failure to do so is somewhat owing to his negligence or misfortune. * * *
* The right to vote and have the vote counted should not be taken away by any doubtful construction of a statute, and before the voter should be shorn of the privilege it must be clear that, under the circumstances then existing the legislature intended such to be the case."

We deem the doctrine well settled, that statutes tending to limit the citizen in the exercise of the right to vote and of having the vote counted should be liberally construed in his favor. This doctrine, we think, should be applied in construing the statute before us.—*Buckner v. Lynip*, 30 L. R. A. (Nev.) 354, 41 Pac. Rep. 762; *Owens v. State*, 64 Tex. 500; *State v. Saxon*, 18 L. R. A. (Fla.) 721, 12 So. Rep. 218.

The courts in order to give effect to the will of the majority, and to prevent the disfranchisement of legal voters have uniformily held those provisions to be formal and directory merely, which are not essential to **a** fair election, unless such provisions are declared to be essential by the statute itself. In McCary on elections, § 190, the rule is stated as follows: "If the statute expressly declares any particular act to be essential to the validity of the election, or that its omission shall render the election void, all courts whose duty it is to enforce such statutes must so hold, whether the particular act in question goes to the merits, or affects the result of the election, or not. Such a statute is imperative, and considerations touching its policy or impolicy must be addressed to the legislature. But if as in most cases, the statute simply provides that certain acts or things shall be done within a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election."—§ 225 and citations is note 2.

Paine in his work on elections, (§ 498) expresses the same view in the following language: "In general those statutory provisions which fix the day and the place of the election and the qualifications of the voters are substantial and mandatory, while those which relate to the mode of the procedure in the election, and to the record and the return of the results, are formal and directory. Statutory provisions relating to elections are not rendered mandatory, as to the people, by the circumstances that the officers of the election are subjected to criminal liability for their violation. The rules prescribed by the law for conducting an election are designated chiefly to

afford an opportunity for the free and fair exercise of the elective franchise, to prevent illegal votes, and to ascertain with certainty the result. Generally such rules are directory, not mandatory, and a departure from the mode prescribed will not vitiate an election if the irregularities do not deprive any legal voter of his vote, or admit an illegal vote, or cast uncertainty on the result, and have not been occasioned by the agency of a party seeking to derive a benefit from them." Judge Post, speaking for the supreme court of Nebraska in the case of *Wagganer v. Russell,* 15 L. R. A. 740, 51 N. W. Rep. 465, said. "The view expressed by these authors has the support of the great majority of cases in this country and England. In fact, we are not aware that there is to be found in the reports any diversity of opinion on the subject. The following are a few of the many cases in point."—*Gass v. State,* 34 Ind. 425; *Piatt v. People,* 29 Ill. 54; *Barnes v. Pike Co. Supra,* 51 Miss. 305; *Fery v. Booth,* 19 Ohio St. 25; *Tarbox v. Sughrue,* 36 Kan. 225, 12 Pac. 935; *State v. Nicholson,* 102 N. C. 464, 9 S. E. 545; *Parvin v. Wimberg,* 15 L. R. A. (Ind.) 775, 30 N. E. 790; *Stackpole v. Hallahan,* 28 L. R. A. (Mont.) 502, 40 Pac. 89.

As to whether language should be construed as mandatory, or directory, the doctrine is thus stated in *Wheeler v. Chicago,* 24 Ill. 105; 76 Am. Dec. 736: "The word may is construed to mean shall whenever the right of the public or third persons depend upon the exercise of the power or performance of the duty to which it refers. And so, on the other hand, the word shall may be held to be merely directory when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or the individual, by giving it that construction. But, if any right to any one depends upon giving the word an imperative construction, the presumption is that the word was used, in reference to such right or benefit. But, where no right or benefit to any one depends upon the imperative use of the word, it may be held to be directory merely."—Endlich on the Interpretation of Statutes, (1888) §§ 433, 436, 437.

Mr. Wigmore, in an appendix to the second edition of his treatise on the Australian Ballot System (page 193),

[Montgomery v. Henry.]

after examining all of the reported cases upon the subject, concludes in the following language: "Wherever our statutes do not expressly declare that particular informalities avoid the ballot, it would seem best to consider their requirements as directory only. The whole purpose of the ballot as an institution is to obtain a correct expression of intention; and if in a given case the intention is clear, it is an entire misconception of the purpose of the requirements to treat them as essentials; that is as objects in themselves and not merely as means." *State ex rel Waggoner v. Russell,* 15 L. R. A. (Neb.) 740, 51 N. W. 465. The rule of construction was thus stated by the supreme court of Kansas in the case of *Jones v. State,* 1 Kan. 273, and approved in *Gilleland v. Schuyler,* 9 Kan. 569 : "Unless a fair consideration of the statute shows that the legislature intended compliance with the provisions in relation to the manner and procedure to be essential to the validity of the proceedings, it is to be regarded as directory merely."

In the case of *Lee v. State,* 49 Ala. pp. 54-5, which was a case that involved irregularities on the part of a manager of an election, this court said : "Did the irregularities in the conduct of the election, as stated in the record, render the election invalid, in the absence of any fraud, or intended fraud, on the part of persons who actually performed the duties of inspectors of election in conducting it, it not appearing that there was any misconduct on their part calculated to prevent a free, fair and full exercise of the elective franchise? We think this question ought to be answered in the negative. Statutes directing the mode of proceeding by public officers are directory, and a strict compliance with their provisions is not essential to the validity of their proceedings, unless it is so declared by the statute; and the courts say this rule should have a liberal application in respect to the duties of inspectors of elections, when we consider the character and the duties of the men who are necessarily selected to fill these offices."—*Lee v. State,* 49 Ala. 43; *People v. James M. Cook,* 14 Barbour's S. C. R. 259; and the same case on error, 4 Selden, 67. In those jurisdictions where the law requires the inspectors to number the ballots but does not provide that unnumbered bal-

[Montgomery v. Henry.]

lots shall be rejected or not counted, the courts have held that the law is directory.—10 Am. & Eng. Ency. Law, 716; *Hodge v. Linn,* 100 Ill. 397; *Blankinship v. Israel,* 24 N. E. 615, 132 Ill. 514; *Waggoner v. Russell,* 51 N. W. 465, (Neb.) 15 L. R. A. 740. But in other jurisdictions where the statute required that the ballots should be numbered and that an unnumbered ballot should not be counted, it has been held that the requirement is mandatory.—10 Am. & Eng. Ency. Law, 716; *West v. Ross,* 53 Mo. 350; *Ledbetter v. Hall,* 62 Mo. 422; *Hugher's Election,* 3 Lock Jur. (Pa.) 313; *State v. Conner,* 86 Tex. 133 (Tex. Civ. App. 1894.) 23 S. W. 1103.

The law of Nevada directs that the number of each ballot shall be the same as that of the corresponding stub, and that the number of the ballot shall be written upon the registry list, opposite the name of the voter receiving it.

After preparing the ballot it must be delivered to the inspector, who shall separate the strip bearing the number from the ballot, and deposit the ballot in the ballot-box. At one of the precincts the inspector, through ignorance of the law, and not willfully, neglected to separate the strip bearing the number from the ballot. The entire vote of the precinct was cast in this way. The law further provided that no ballot should be deposited in the ballot-box unless the slip containing the number of the ballot had been removed therefrom by the inspector. It was held by the supreme court of that state in the case of *Buckner v. Lynip,* 41 Pac. 762, 30 L. R. A. 354, that the ballots should not be rejected. The court among other things remarked, that "it was to be observed that the voters of the precinct were themselves in no wise in fault. They possessed every qualification for voting, and had complied with every requirement of the law as to registration, marking their ballots, etc."

The law of Missouri requires the ballots to be numbered, and provides that any ballot not numbered shall not be counted." The judge of election through inadvertence, neglected to number any of the ballots; but the court held that the statute was mandatory and all of the ballots were rejected."—*West v. Ross,* 53 Mo. 350.

[Montgomery v. Henry.]

The revised code of Mississippi, 1880, § 137, provided, that all ballots shall have "a space of not less than one-fifth of an inch between each name," and that a ticket different from that described should not be received or counted. The supreme court construing the statute in the case of *Keller v. Toulme,* said: "Under section 137 a ballot other than that prescribed is not to be received or counted by the election officers. The standard prescribed is arbitrary, and, by the unequivocal provision of this section, its provisions are made mandatory, and not directory."—*Keller v. Toulme,* 7 So. Rep. 508.

The precedents referred to seem to support the correctness of the rule heretofore referred to as stated by th Supreme Court of Kansas.

In the case in hand, no fault whatever has been ascribed to the voters nor to the candidates, but the trouble arose from what must have been ignorance of the law or inattention to it on the part of the inspectors. The ballots were voted by the voters without any challenge and were counted by the inspectors, as they were cast, without a protest from any source. No one questions that the votes were the expression of the will of the voters and that when given to the contestee entitled him to be declared the successful candidate. The court below held that the votes were properly counted for the contestee and we are by this appeal asked to hold that the requirement of the statute with reference to the numbering of the ballots is mandatory and that the unnumbered ballots should not be counted. Sec. 34 1-2, while it provides that the ballots shall be numbered by one of the inspectors, does not direct that the ballots shall not be counted if not numbered. Neither does section 78 contain any prohibition against counting an unnumbered ballot. Section 87 is the only section in the act, that has a requirement with reference to the rejection of votes, it is in this language: "Sec. 87. In counting, the returning officer or one of the inspectors, must take the ballots, one by one, from the box in which they have been deposited at the same time reading aloud the names of the persons voted for, and the office for which such person is voted for; they must separately keep a calculation of the number of the votes each person receives and for what office

he receives them; if the elector has marked more names than there are persons to be elected to an office, or if for any reason, it is impossible to determine the elector's choice for any office to be filled, his ballot shall not be counted for such office, but this shall not vitiate the ballot so far as properly marked, nor shall any ballot be rejected for any technical error which does not make it impossible to determine the elector's choice and nothing in the election law shall be construed so as to prevent any elector from voting for any qualified person other than those whose names are printed on the ballot."

It is true that section 50 of the act makes it a misdemeanor punishable by fine for any officer without lawful excuse to neglect, fail or refuse to perform any official duty required by the act. But we have seen that provisions in statutes relating to elections are not rendered mandatory, as to the people, by the circumstances that the officers of the election are subject to criminal liability for their violation.—Paine on Elections, § 498; *Lindstrom v. Board of Canvassers,* (Mich.) 19 L. R. A. 171, 54 N. W. 280.

In the case of *Lindstrom v. Board of Canvassers, supra,* it was said by the supreme court of Michigan, that, "It may be stated as a general rule, that the provisions of law relating to the manner of conducting elections will not be held so far mandatory as that a departure from the rule will result in the disfranchisement of a district or a class of voters, or the defeat of a candidate, himself free from fraud, except in cases where the legislative intent that such departure from the prescribed rule shall have such effect is clearly and unequivocally expressed." To the same effect is the ruling by the supreme court of Kansas, in the case of *Boyd v. Mills,* 25 L. R. A. 486, 37 Pac. 16.

The legislature by section 87 of the act under consideration safe-guards the elector against the loss of his vote on account of technical errors committed by himself which do not make it impossible to determine his choice. But in the case at bar, we repeat, no complaint is made with reference to the conduct of any elector, but it is on account of the inadvertence of the inspectors that the contestant would have votes of four precincts in the

[Central of Ga. Ry. Co. v. Union Springs & Northern Ry. Co.]

county rejected and the will of the majority of the county (conceded to have been fairly and honestly expressed) thwarted. While it is well enough to insist on a proper and strict performance of duty by officers conducting elections, and to have been regular the officers should have followed the letter of the law in this instance, yet the legislature not having declared irregularities like the one complained of in this case fatal, we conclude that the provision of the law with reference to numbering the ballots pertaining as it does to the mode of procedure in the election, is directory and not mandatory, and of consequence, that the judge properly rendered judgment against the contestant.—Paine on Elections, § 498; Mc-Clary on Elections, § 225; *Bowers v. Smith,* 16 L. R. A. 754, 20 S. W. 105; *Lee v. State,* 49 Ala. 43.

The judgment appealed from will be affirmed.

HARALSON, DOWDELL and ANDERSON, JJ., concurring.