(76 South. 487)

KUYKENDALL v. STATE.　(8 Div. 432.)

(Court of Appeals of Alabama.　June 26, 1917.)

JURY ☞47 — VENIRE — QUASHING — JURORS NOT WITHIN DISTRICT.

Act Sp. Sess. 1909, p. 16, § 7, approved August 18, 1909, provides that juries in the Albertville subdivision of the circuit court of Marshall county may be drawn from the entire county. General Jury Law (Acts Sp. Sess. 1909, p. 317), § 32, provides that all laws regulating selection, etc., of grand or petit jurors, are repealed. Section 25 of such act (page 316) provides that a court established for a certain territorial jurisdiction must draw its jurors from that territorial subdivision. *Held*, that section 7 was expressly repealed, and that defendant's motion to quash the venire, because the jurors drawn did not live within the territorial jurisdiction of the court as it existed prior to the enactment of section 7, was improperly denied.

Appeal from Circuit Court, Marshall County; R. C. Brickell, Judge.

C. Kuykendall was indicted for murder, and he appeals. Reversed and remanded.

John A. Lusk & Son and Street & Bradford, all of Guntersville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted for murder in the first degree, and a special jury was summoned. Among the numerous assignments of error, it appears that assignment No. 1 must be conclusive of this appeal, and for the error of the court in overruling the defendant's motion to quash the venire the judgment of the lower court must be reversed, and the cause remanded.

The assignment of error referred to was based upon the grounds that the court erred in overruling the defendant's motion to quash the venire in this case, because the jury box from which the regular and special venire was drawn was made up from names of jurors residing in that part of Marshall county outside of the territorial jurisdiction of the Albertville court; in other words, that the regular and special venires were drawn from a box in which the names of jurors from all parts of Marshall county were deposited, and not from a jury box made up of the names of jurors residing in the territorial jurisdiction of the Albertville subdivision of the circuit court. It is without dispute that the venire was drawn from a box in which had been placed the names of persons qualified to serve as jurors from the entire county.

The general jury law, enacted during the special session of 1909, and approved August 31, 1909, in section 25 thereof, provides that a court established for a certain territorial jurisdiction must draw its juries from that territorial subdivision. The act establishing the Albertville subdivision of the circuit court of Marshall county, approved August 18, 1909 (Acts Sp. Sess. 1909, p. 14), says, in section 7, that juries in that court may be drawn from the entire county; but the repealing section of the general jury law (sec-

tion 32), passed at the same session, but at a subsequent date, says that:

"All laws, general, special or local, regulating the selection, drawing, summoning or impaneling of grand, or petit juries, or prescribing the qualifications of jurors, or defining who are exempt from jury service, or exempting certain persons or classes of persons, from service upon juries, are hereby expressly repealed; it being the intent of the Legislature that this act shall be the exclusive law on such subjects in all the courts of the state of Alabama."

Section 7 of the act "to provide for the holding of two terms each year of the circuit court of Marshall county, at Albertville, to provide for the jurisdiction thereof, and to regulate proceedings therein," approved August 18, 1909 (Acts Sp. Sess. 1909, p. 16), is therefore expressly repealed by section 25 of the general jury law approved August 31, 1909 (Acts Sp. Sess. 1909, p. 316), and to constitute a legal jury box for said court it must contain only the names of jurors who are otherwise qualified, and who reside within precincts 4, 5, 13, 16, 18, 20, 22, and that portion of 24 lying on Sand Mountain, in Marshall county, or, in other words, within the territory in said county over which said court has jurisdiction.

For the error in overruling the motion to quash the venire, which was timely, the judgment of the lower court is reversed, and the cause remanded. There appears no necessity of dealing with the other questions presented by the record, in view of this holding.

Reversed and remanded.