(89 South. 164)

## LANG v. STATE. (8 Div. 740.)

(Court of Appeals of Alabama. Feb. 15, 1921. Rehearing Denied April 5, 1921.)

**1. Indictment and information ⬉87(2)—Indictment held to charge violation of law after certain date.**

An indictment charging "that, before the finding of this indictment, B. distilled, made or manufactured alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcoholic, since January 25, 1919, against the peace and dignity of the state of Alabama," as punctuated, charged a manufacturing or dis-

tilling of alcoholic liquors since January 25, 1919.

**2. Intoxicating liquors ⬉216—Demurrer to indictment held properly overruled.**

An indictment charging "that, before the finding of this indictment, B. distilled, made or manufactured alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcoholic, since January 25, 1919, against the peace and dignity of the state of Alabama," *held* not subject to demurrer on the ground that it did not aver that alcohol constituted a part of the liquors named in the indictment; did not aver that alcohol constituted a part of the beverages; did not aver that alcohol composed any part of the liquors or beverages at the time of the distillation, making, or manufacturing of such liquors.

**3. Courts ⬉42(1)—Act creating court held not to repeal former statute.**

The statute providing for a branch of the circuit court of Marshall county at Albertville did not repeal the act of the Legislature establishing the old branch court, and the court still remains as a branch of the circuit court of Marshall county.

**4. Grand jury ⬉2—Members may be drawn from whole of Marshall county to indict for crimes committed anywhere in county.**

Grand jurors in Marshall county are to be drawn as provided by Act Feb. 4, 1919 (Acts 1919, p. 3), and an indictment is valid though some of the grand jurors resided in the district of the Albertville branch of the circuit court and some in the Guntersville branch, and the offense was committed and the defendant lived in the Albertville branch; such act not being repealed by Acts 1919, pp. 1039, 1040, § 32.

**5. Criminal law ⬉278(2)—No objection to indictment on ground going to formation of grand jury except by plea of abatement in certain instances.**

Under General Jury Law, § 23, no objection can be made to an indictment on any ground going to the formation of the grand jury, except by plea in abatement to the indictment, and then only upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law, and even then only for fraud in drawing or summoning, in view of section 29.

**6. Criminal law ⬉1134(6)—Immaterial that solicitor assigned improper grounds of demurrer to bad plea.**

Where the plea in abatement was obviously bad, and the court sustained a demurrer to it, it was immaterial that the solicitor did not assign proper grounds of demurrer.

**7. Criminal law ⬉829(1)—Requested charges covered by given charges properly refused.**

The court did not err in refusing requested charges covered by given charges.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Bob Lang was convicted of manufacturing prohibited liquor, and appeals. Affirmed.

See, also, 206 Ala. 58, 89 South. 166.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The indictment as to punctuation, etc., is as follows:

The grand jury of said county charge that, before the finding of this indictment, Bob Lang distilled, made or manufactured alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcoholic, since January 25, 1919, against the peace and dignity of the state of Alabama.

The demurrers are that it does not aver that alcohol constituted a part of the liquors named in the indictment; does not aver that alcohol constituted a part of the beverages. It is not averred that alcohol composed any part of the said liquors or beverages at the time of the distillation, making or manufacturing of said liquors.

The indictment was returned the October term, 1919, of the circuit court convened at Guntersville, and it appeared that the trial was held at Albertville, and the defendant moved to strike the cause of the discontinuance in that the act of the Legislature establishing the branch court at Albertville, in Marshall county, had been repealed, and a new branch of the circuit court had been established in Marshall county at Albertville by an act of the Legislature, and no provision was made in said act for the transfer of causes on the dockets of the old branch court at Albertville to the dockets of the new branch court at Albertville.

The plea in abatement was that the grand jury that had found the indictment resided some in the district of the Albertville branch and some in the Guntersville branch, and that the offense was committed, and the defendant lived in the Albertville branch, and that therefore the Guntersville branch grand jury was without jurisdiction to return the indictment.

Street & Bradford, of Guntersville, for appellant.

The grand jury was an illegal body, as the local act was repealed by the general act. Loc. Acts 1919, p. 3; Gen. Acts. 1919, p. 1029; 16 Ala. App. 197, 76 South. 487. The grand jury drawn at Guntersville was therefore an illegal grand jury. Counsel discuss other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No brief came to the Reporter.

SAMFORD, J. [1, 2] The contention presented by demurrer to the indictment is hypercritical. As punctuated the indictment charges a manufacturing or distilling of alcoholic liquors since January 25, 1919. The demurrer to the indictment was properly overruled.

[3] The motion to strike the cause from the docket was properly overruled. Kuy-kendall v. State (8 Div. 738) 17 Ala. App. 582, 87 South. 878.

The proposition raised by the plea in abatement is that the offense charged in the indictment arose within the territory embraced in precincts 4, 5, 13, 16, 18, 20, 22, and that part of 24 lying on Sand Mountain in Marshall county, and the indictment was returned by a grand jury some of the names of the members of which were drawn from a box containing the names of jurors residing in territory in Marshall county, embraced within the territory included in the precincts above named and residing within the jurisdiction of the Albertville branch of the circuit court of Marshall county, and from the record it so appears.

[4] By an act of the Legislature approved August 18, 1909 (Acts 1909, p. 14), a branch court was created in the county of Marshall, to hold its sessions at Albertville, in said county, and having jurisdiction to try all cases arising in certain precincts enumerated in the plea, as hereinabove set out. Section 7 of said act provided for the drawing of jurors for said court, but this section was repealed by section 32 of the general jury law 1909. Kuykendall v. State, 16 Ala. App. 197, 76 South. 487. The effect of the decision in the Kuykendall Case, supra, was to require juries for the Albertville branch to be drawn under section 25 of the general jury law approved August 31, 1909 (Acts 1909, p. 305). Section 8 of the act approved August 18, 1909, supra, provides:

"No grand juries shall be drawn to serve in said circuit court at Albertville but the regular grand juries of said county shall retain all the powers, exercise all the jurisdiction and be charged with all the duties as heretofore."

In Chambers v. State, 17 Ala. App. 178, 84 South. 638, this section was considered and upheld, and it was also held in the Chambers Case that by the act of August 18, 1909, Marshall county was divided into two separate and distinct circuit court districts. So that prior to the enactments of the several statutes enacted at the 1919 sessions of the Legislature and hereafter to be discussed there were two separate and distinct circuit court districts in Marshall county; the one at Guntersville having jurisdiction in a certain territory for the trial of cases and jurisdiction extending over the entire county as to the investigating of crime by a grand jury and the returning of indictment and also as to other matters affecting the general welfare of the county; the juries for the Guntersville court to be drawn from the territory outside of the Albertville territory. Indictments returned by the grand jury of the Guntersville court, though found for crimes committed outside of its territory and within the county of Marshall, were valid. Chambers v. State, supra. The court at Albertville had exclusive jurisdiction to try cases arising in its

territory, but with no authority to organize a grand jury; its petit juries being provided for by section 25 of the grand jury law, supra.

The foregoing remained the status of the courts in Marshall county until by an act approved February 4, 1919 (Acts 1919, p. 3), the law was again changed by an act "to provide for the drawing, summoning and impaneling of juries for the circuit courts of Marshall county and in every way, provide a special jury law for Marshall county." This special law is now applicable to the drawing and summoning of juries in Marshall county unless repealed by a later act of the Legislature amendatory of the general jury law approved September 29, 1919 (Acts 1919, pp. 1039, 1040, § 32).

Section 25 of the act of 1909 as amended by Acts 1919, p. 525, after providing for juries in courts established in territorial subdivisions of a county, further provides that "it is not the object or effect of this bill to repeal or affect any local law." This amendatory act was approved and became a part of the general jury law of 1909, and clearly was designed not to affect any local law dealing with the subject, such as the statute under consideration. With this amendment as a part of the general jury law, the act approved September 29, 1919, amendatory of sections 18 and 32 of the act of 1909 (Acts 1919, p. 1039) would not have the effect of repealing the local act for Marshall county hereinbefore referred to. It follows that the demurrer to the plea in abatement was properly sustained.

[5] But, whether the act was repealed or not, can this avail the defendant on this appeal? Section 23 of the general jury law provides:

"No objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment except by plea in abatement to the indictment and no objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same."

And section 29 of the same act, after saying that the provision relating to selection, drawing, summoning, or impaneling jurors is directory, provides:

"No objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."

It would seem that these two sections of the act settle the proposition. Reeves v. State, 88 South. 197.[1] If a party at interest desired to do so, he might take proper proceedings to purge the jury box of all names not legally included, or upon the trial the fact that a juror was not a resident of the territory would be ground for peremptory challenge, but, except as provided by statute, he cannot attack the entire venire.

[6] It is true the solicitor did not assign grounds of demurrer raising these questions, but the court sustained the demurrer, and, while the grounds assigned were not sufficient, the plea was obviously bad, and the error, if any, was without injury.

[7] Charges 1 and 2 refused to defendant were covered by the oral charge of the court, and charge 2 was also covered by the written charges given.

We find no error in the record, and the judgment is affirmed.

Affirmed.