16 So.2d 428

### FULLER v. STATE.

I Div. 461.

Court of Appeals of Alabama.

Jan. 18, 1944.

No appearance for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal in this case is upon the record only. There is no bill of exceptions.

The Statute (Title 15, Section 389) makes it the duty of the appellate courts to consider all questions apparent on the record, and to render such judgment as the law demands.

In this case it appears from the record that the prosecution was begun in the Inferior Criminal Court of Mobile County wherein the defendant was charged, by affidavit, with the offense of assault; a misdemeanor. From a judgment of conviction in said court, the defendant appealed to the circuit court, and in said court, by and with the consent of the defendant he was tried, upon the original affidavit, by the court sitting without a jury. The judgment entry in the circuit court recites:

"This day in open court came the State of Alabama by its Solicitor and the defendant in his own proper person and with his attorney and the defendant in open court on this day agreed to go to trial on the original affidavit in this case charging him with the offense of Assault and waived arraignment on said original affidavit and plead not guilty, and the trial of this case having been regularly set for this day, and no trial by jury having been demanded by the defendant, this case is tried by the court without the intervention of a jury and the court after hearing the evidence in this case renders judgment finding the defendant guilty of Assault as charged in the original affidavit and assessed the defendant's fine at $250.00.

"Thereupon, in open court on this day the defendant being asked by the court if he had anything to say why the judgment and sentence of the law should not be passed upon him replied 'he had not;' It is, therefore, considered and adjudged by the court that the defendant is guilty of the offense of assault as charged in the original affidavit and that the State of Alabama for the use of Mobile County have and recover of the defendant a fine of Two Hundred and fifty dollars and the costs of this prosecution.

"And defendant having made default in the payment of the said fine and costs; It is considered and adjudged by the court that the defendant perform hard labor for the County of Mobile, Alabama, for the term of ninety days in lieu of said fine."

The proceedings as portrayed above, were regular in all respects, hence the judgment of conviction is due to be, and is, affirmed.

However, the court failed, or refused, to sentence the defendant to a term of hard labor for the county to pay the costs of the case; which was also in default, and unpaid. This the court should have done, as provided in Title 15, Section 342, of the Code 1940; said section reads as follows: "If, on conviction, judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be suf-

326

ficient to pay the costs, at the rate of seventy-five cents per day, and the court must determine the time required to work out such costs at that rate; * * *."

The failure of the trial court to properly sentence defendant to hard labor for the costs, whether by unintentional omission, inadvertence, or misconstruction of the Statute, supra, necessitates the remandment of this case to the lower court for proper sentence in line with what is here said.

■ It is possible, and highly probable that the lower court interpreted the Statute, supra, as not being mandatory, and because of the word "may" in the Statute that the trial court was invested with discretionary power and that it was permissible for the court to refrain from sentencing the defendant to hard labor for costs. Such interpretation or construction is erroneous.

■ In the construction of Statutes resort must be had to the intention of the legislature, which is the test; and the word, "may" in the construction of Statutes, is to be construed as "must" in all cases where the legislature means to impose a positive and absolute duty, and not merely to give a discretionary power. In other words, a mandatory construction will be given to the word "may" where public interests are concerned, and the public or third persons have a claim de jure that the power conferred should be exercised, or whenever something is directed to be done for sake of justice or public good. Ex parte Joice & Smith, 88 Ala. 128, 7 So. 3, and cases noted.

In the above cited case a full and complete discussion of the question under consideration appears, and excerpts from numerous decisions in support, are copiously quoted. See also, Montgomery v. Henry, 144 Ala. 629, 39 So. 507, 1 L.R.A.,N.S., 656, 6 Ann.Cas. 965; Ex parte Hill, 122 Ala. 114, 26 So. 230 and cases cited. Etheridge v. State, 212 Ala. 466, 163 So. 66; Nix v. State, 27 Ala.App. 94, 166 So. 716; Malcom v. Rogers, 5 Cow., N.Y., 188, 15 Am.Dec. 464, 467.

■ Where the word "may" is used in conferring power on officer, or court, language is mandatory, and must be strictly obeyed, where rights of public or third party are affected. Simpson v. Winegar, 122 Or. 297, 258 P. 562, 563; 26 Words and Phrases, Perm.Ed., p. 762. Ex parte

Simonton, 9 Port. 390, 33 Am.Dec. 320; 25 R.C.L. Sec. 17, pp. 770–771; Ex parte Chase, 43 Ala. 303, 311.

As stated hereinabove, no question as to the guilt of the defendant in this case is presented, therefore the judgment of conviction from which this appeal was taken is hereby affirmed to that extent. The cause is hereby remanded to the lower court for proper sentence as to costs as provided in Title 15, Section 342, Code of Alabama 1940.

Affirmed in part. Remanded for proper sentence.