21 So.2d 446

## COOK v. STATE.

### 4 Div. 826.

Court of Appeals of Alabama.
Jan. 9, 1945.

Rehearing Stricken March 13, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

A. L. Patterson, of Phenix City, for appellant.

BRICKEN, Presiding Judge.

The indictment in this case charged the defendant with the offense of murder in the first degree. Upon the trial he was convicted of manslaughter in the first degree and his punishment was fixed at imprisonment in the penitentiary for a period of four years. From the judgment of conviction, and the action of the court in overruling his motion for a new trial, this appeal was taken.

There appears to be no controversy or dispute as to the facts of this case.

This record, and briefs of counsel, show that Russell County was divided into two judicial divisions, the northern and southern, respectively, by a local act of the Legislature of Alabama, approved August 11, 1927. Local Acts Ala.1927, pp. 175, 182.

The territory comprising each of said judicial divisions was specifically defined by the terms of said Act. Under the general law, existing and of force and effect at the time of the division of said County (Code of Alabama 1923, Sec. 8633), the jury commission of said county was required to make and keep separate rolls and a separate jury box for each of said judicial divisions of said county. It was provided that the jury roll and jury box for the Northern Division should contain only the names of the qualified jurors who lived and resided in the territorial limits of the Northern Division, while the jury roll and jury box of the Southern Division should contain only the names of the qualified jurors of said county who lived and resided in the Southern Division of said county.

Under Section 4 of said Local Act it was provided:

"That grand and petit juries shall be drawn from and serve in their respective divisions to be held in the two said named Courts of Russell County for the Circuit Court of Russell County as is provided by law, the time and place of their service to be designated by the officers drawing and summoning them."

In the case of Kuykendall v. State, 16 Ala.App. 197, 76 So. 487, this court had occasion to construe the jury provision of the act establishing the Albertville subdivision of the circuit court of Marshall County. In that case a motion to quash a venire of jurors was made upon the grounds that the jury box from which the regular and special venires was drawn was made up from the names of jurors residing in that part of Marshall County outside of the territorial jurisdiction of the Albertville court. The trial court overruled and denied the motion to quash and upon appeal this court held that the trial court erred to a reversal in overruling and denying said motion to quash, and we held that to constitute a legal jury box for the Albertville subdivision of the circuit court it should contain only the names of the qualified jurors who resided within the territory of Marshall County comprising the Albertville subdivision of the circuit court of that county.

Under the local act approved August 11, 1927, the county site of Russell County remained at Seale, and, for the convenience

of the public, a branch court house, with branch public offices, was established at Phenix City. Between August 11, 1927, and May 20, 1943, a county election was held in Russell County for the purpose of removing the County Site from Seale to Phenix City, and, after the holding of said election, Seale was the location of the branch court house, branch offices and branch records, for the Southern Division, while the County Site with the main county offices and county records was at Phenix City and here the sessions of the regular, as distinguished from the branch, Circuit Court of Russell County was held. Pitts v. Culpepper, 229 Ala. 449, 157 So. 841.

Under the Local Act, approved August 11, 1927, and under the general law regulating the jury commission of Russell County, jurors, both grand and petit, for each subdivision were to be obtained from the jury box established for each judicial subdivision of Russell County, filled by the jury commission with the names of the qualified jurors living in each respective judicial subdivision of the County, and such continued to be the arrangement in said county, provided by law, down to May 20, 1943, when the Local Act approved August 11, 1927, was repealed by the Local Act of the Legislature of Alabama, approved May 20, 1943, Local Acts of Alabama, 1943, page 11.

The effect of the Local Act, approved May 20, 1943, was to abolish the two judicial subdivisions of Russell County and also the branch court house and branch public offices the jury box for the Northern nullify both the jury box for the Northern Judicial subdivision and the jury box for the Southern Judicial subdivision of said County, so that said County had no valid, regular and lawful jury box from May 20, 1943, down to and including September 6, 1943 (Labor Day), when the Judge of the Third Judicial Circuit of Alabama, to which Circuit the County of Russell belongs, went to Phenix City and drew a so called venire of jurors from the obsolete, void, defunct and abolished jury box for the old Northern Judicial subdivision of said County to serve at the October Session, 1943, of the Circuit Court of said County. It was to the legal and valid existence of the grand jury drawn, organized and impaneled from the so called venire of jurors drawn from said obsolete, defunct, void and abolished jury box for the old Northern Judicial subdivision of Russell County that defendant's plea in abatement was addressed.

We are of the opinion and so hold that this plea in abatement properly presented to the lower court defendant's claim and contention that said grand jury was an illegal grand jury and that it could not find and return into court a valid and lawful indictment against the defendant for the offense which said indictment attempts to charge, or as for that matter for any other indictable offense. While the State admits, in briefs, that the question of the legal existence of the grand jury that preferred the indictment, was properly presented in the court below, yet contends that the trial court did not err in overruling the defendant's oral motion to quash the indictment, based upon said plea in abatement.

As we understand the brief filed by the Attorney General it is the contention of the State that the drawing of the venire of jurors out of the jury box which had been procured and filled by the jury commission of Russell County for the old Northern Judicial subdivision of said county, did not render the grand jury selected and impaneled from the venire of jurors illegal and void, and would not invalidate the indictment upon which the defendant was tried, and would not make said indictment subject to be quashed, because as the State contends: "while the jury box for Russell County may not have been refilled since the 1943 Statute was passed, repealing the former law, and while for the purpose of this case, it may not have been filled in compliance with the Statute, yet in view of Section 278 of Title 15, of the 1940 Code, the indictment in this case is valid." The State bases its contention upon the case of Bell v. Terry et al., 213 Ala. 160, 104 So. 336.

In the case of Bell v. Terry et al., supra, a petition for mandamus was filed in the Circuit Court of Dale County against the jury commission of that county seeking to compel said jury commission to empty and refill the jury box of Dale County. It was prayed in said petition that the court declare the jury box, as filled by said jury commission, to be null and void, and that they be required to empty and refill said box, and to have the act of the Circuit Judge in drawing the venire of jurors from that jury box declared to be illegal and void, and to have the indictment against the petitioner for murder, found

and returned by the grand jury drawn by the presiding judge at that term of the court from that venire quashed and held to be illegal and void.

The jury commission filed an answer admitting the facts averred in the petition and alleging in their answer that said facts were insufficient to entitle petitioner to the relief sought by him and prayed the court on the hearing to dismiss the petition. The court on the hearing, on the facts as alleged and admitted, denied the petition and dismissed it, taxing the petitioner with the court costs. This judgment of the trial court was appealed from by the petitioner to the Supreme Court. We have deemed a recital of the above facts necessary to a correct understanding of the real question involved and of the judgment of the Supreme Court therein in Bell v. Terry et al., supra. In that case the Supreme Court held, and properly so, that the filling of the jury box by the jury commission of Dale County by placing one-half of the names entered by them on the jury roll in the jury box and withholding the other half of said names from said jury box made the filling of said jury box irregular but that this irregularity did not render the venire drawn from the jury box, so partially filled, illegal and void, and it would not render the indictment returned by the grand jury against the petitioner void and subject to be quashed, because said the court the illegality of that venire of jurors and the validity of the indictment could not be collaterally attacked in a petition for mandamus to require a jury commission to empty and refill a jury box. The court pointed out that under the Statute it was provided that no objections could be taken to a venire of jurors except for fraud in drawing or summoning them and that no objection to an indictment on any ground going to the formation of the grand jury which found and returned the same could be taken except by plea in abatement. And then our Supreme Court went further and declared that the petitioner was entitled to the only relief he could properly seek under a proceeding for mandamus to require the jury commission to empty and refill the jury box, and that the trial court erred to a reversal in not granting the petitioner that relief. The case of Bell v. Terry et al., supra, is not applicable to the facts of the case at bar.

The questions raised by the appeal in the case at bar are, we think, governed by the cases of Ziniman v. State, 186 Ala. 9, 65 So. 56; Spooney v. State, 217 Ala. 219, 115 So. 308; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712.

These cases construe the meaning of Sections 8630 and 5202, Code of Alabama 1923, brought forward into the Code of 1940 as Sections 278, and 285, Title 15, of the latter Code.

It must be presumed that in adopting the Code of 1940 the Legislature intended to adopt said Sections 278 and 285 with the previous interpretations placed upon Sections 8630 and 5202 of the Code of 1923, Spooney v. State, supra.

Speaking with reference to Section 8637 of the Code of 1923 brought forward as Section 46, Title 30, Code of Alabama, 1940, in pari materia with said Sections 278 and 285, our Supreme Court said [220 Ala. 30, 123 So. 234]:

"Section 8637 relates to minor errors in a venire, and is without influence on the question of the validity of an indictment returned by a grand jury not formed and impaneled as required by law. Ziniman v. State, 186 Ala. 9, 65 So. 56; Spivey v. State, 172 Ala. 391, 56 So. 232; O'Byrnes v. State, 51 Ala. 25."

Insofar as this case is concerned, Sections 30 and 31, Title 30, Code of Alabama 1940, required the Circuit Judge to draw from the jury box of Russell County the names of not less than 50 persons to supply the grand jury and petit juries for the first week of the October Session, 1943, of the Circuit Court of Russell County, Alabama. The only place from which said venire of jurors could be drawn was the jury box for the county.

When the jury boxes for the Northern and Southern Judicial subdivisions of Russell County were nullified and abolished by the Act of 1943, supra, this left the County of Russell without any jury box at all. The trial judge knew that the two old jury boxes of the county had become irregular, obsolete, defunct and nullified. Under these conditions it was his duty under Section 22, Title 30, Code of Alabama, 1940, to notify the president of the jury commission of Russell County that said County was without any regular or valid jury box and to also notify him to call together the other members of the jury commission and prepare a jury box for the entire county and to fill it with the names of all the persons living not in one section of the county, but in the entire

county, whom they deemed qualified for jury service, and, if necessary, issue a court order to this effect, and, further, if necessary, enforce his order by the proper process of the court. The above Statute is a public Statute and is one in which the general public of Russell County was vitally interested. Its provisions were mandatory upon the Circuit Judge presiding over the Circuit Court of Russell County. Fuller v. State, 31 Ala.App. 324, 16 So.2d 428, 430.

After the repealing Act of 1943 went into effect the jury commission of Russell County wrote the Circuit Judge, according to the Judge's own statement, a letter, the contents of which the Circuit Judge did not reveal, but he said that in the month of June, 1943, he wrote the jury commission just exactly what the law was and that if they wanted any further help from him that he would be delighted to come up and that he had authority to order the jury box emptied if it became irregular and to order the jury commission to refill it. The Circuit Judge knew the law and he knew his authority. He also knew that he had never issued an order to the jury commission of Russell County to procure and fill a jury box for the entire county with the names of the qualified jurors residing in the county. It does not appear from this record that the Circuit Judge made any inquiry of the jury commission of Russell County as to whether or not said commission had obtained and filled the jury box for the entire county. He simply ordered that the jury box be brought to him and the Sheriff of the County brought him the old obsolete, defunct, and nullified jury box for the old Northern Judicial subdivision of the county, which showed on its face by its label, or tag, that it was a jury box for the old Northern Judicial subdivision of the county, which had been abolished by the Legislature. Notwithstanding this the Circuit Judge arbitrarily drew a venire of jurors from that jury box and from the venire of jurors so drawn by him he drew and organized a grand jury to serve at the Oc-

tober, 1943, Session of the Circuit Court of Russell County, Alabama. These facts were set up in the plea in abatement and they were proved without the slightest dispute.

To attempt to justify the action of the Circuit Judge in this case on the ground of expediency or mere irregularity in the drawing of said venire of jurors is to ignore the admonition in the case of Spooney v. State, supra, wherein our Supreme Court said [217 Ala. 219, 115 So. 311]:

"To so hold in the interest of speed and expediency would be but yielding to the dangerous tendency of the time, a breaking away from the established order of a constitutional government of law, and substituting therefor a government of men, injecting into the administration of justice an uncertainty as varied as the opinions of men."

■ It is the opinion and judgment of this court that the venire of jurors drawn by the circuit judge on September 6, 1943, (Labor Day) was illegal and void, and that the grand jury selected and organized from that illegal and void venire of jurors was likewise illegal and void, and also the purported indictment returned by said grand jury against the defendant was illegal and void. In fact it was not an indictment, within the meaning of the law, and it conferred on the court no jurisdiction to put the accused on trial before a petit jury. The verdict and judgment pronounced against the appellant on said accusation is therefore null and void. O'Byrnes v. State, 51 Ala. 25; Hall v. State, 134 Ala. 90, 32 So. 750; Finnett v. State, 12 Ala.App. 237, 67 So. 768; Spooney v. State, 217 Ala. 219, 115 So. 308; Doss v. State, 220 Ala. 30, 33, 123 So. 231, 68 A.L.R. 712.

The judgment of the trial court is reversed and said judgment held for naught.

It is unnecessary to consider any other errors insisted upon by appellant. What we have said above is conclusive of this appeal.

Reversed and remanded.