LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty of burglary in the third degree as defined by § 13A-7-7 of the Alabama Criminal Code, effective January 1, 1980, now codified as Title 13 of Code of Alabama 1975. After acceptance of the verdict, notice was given by the State that it would then proceed against defendant under the Habitual Felony Offenders Act, Code 1975, § 13A — 5-9, and the court set a sentencing hearing within a reasonable time thereafter, at which defendant appeared and was attended by his attorney. Evidence was presented of previous felony convictions of defendant, and the court sentenced him to imprisonment for twenty-five years.
The evidence on the trial is summarized in appellant’s brief as follows:
“The State’s witness, Robert F. Joyce, an officer of the Huntsville Police Department, testified that on February 17,1980, at about 9:30 p.m. he arrived at the Circle J Western Store on North Memorial Parkway. Officer Joyce was accompanied by Officer Mark Shahan also of the *948 Huntsville Police Department. The manager of the store, Gerald Stevens, opened the door and Officer Joyce and Mr. Stevens went into the store. A man, whom Officer Joyce and Mr. Stevens identified as the defendant jumped up from behind the counter and ran towards the back of the store. After a struggle at which time Mr. Stevens kicked the defendant, the defendant was arrested. Certain belt buckles had been displaced within the store. There was a hole in the wall of the store building outside of which were located twelve to thirteen pairs of blue jeans.
“Mr. Stevens testified that he was the owner of Circle J Western World, the same being a corporation in which he owned all of the stock. He further testified that he had locked the store when he left at approximately 9:00 p.m. and that he had not given the defendant permission to go into the store.
“The defendant testified on his own behalf, admitting his presence in the store but asserting that he had run other persons off the premises and gone into the store after running them off.”
There is no contention that the evidence was not sufficient to support the finding of the jury that defendant was guilty of burglary, and our review of the transcript convinces us that there is no reasonable basis for such a contention. However, appellant contends that the evidence did not show that the building alleged to have been burglarized was “a building of Circle J Western World, Inc., a corporation,” as alleged in the indictment. He expresses the first issue presented by him as follows:
“The trial court erred in convicting the defendant of burglary where the State failed to prove the existence of the corporate victim alleged in the indictment and where the defendant on motion for new trial affirmatively showed that said corporate victim did not exist.”
In connection with the quoted issue, appellant challenges the constitutionality of Code 1975, § 12-21-201, which provides:
“In the trial of criminal cases it shall not be necessary for the state to prove the incorporation of any corporation mentioned in the indictment, complaint or information unless the defendant, within 30 days after indictment if the defendant is under bond or within 30 days after arrest on capias, denied the existence of such corporation by a sworn plea.”
Appellant recognizes that § 12-21-201, as codified in every code since Code 1907, has been uniformly held to be constitutional, beginning with West v. State, 168 Ala. 1, 53 So. 277 (1910). It was recently upheld against the attack made upon it in Pace v. State, Ala.Cr.App., 369 So.2d 1281 (1979).
Appellant purports to advance argument not made in cases that have upheld § 12-21-201 as constitutional by arguing that it shifts the burden of proof to the defendant as to the averment that the building burglarized was the property of a corporation. He relies largely upon Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), in which it was held that the “instruction given” by the trial court to the jury was “unconstitutional.” The “instruction given” in a prosecution for “purposely or knowingly” committing homicide stated, “[t]he law presumes that a person intends the ordinary consequences of his voluntary acts.” However valid some contention not previously made and considered by the appellate courts of Alabama challenging the constitutionality of § 12-21-201 may be, which we should not attempt to determine at this time, there is nothing in the particular section of the Code to cause a shifting of the burden of proof or persuasion from the State to the defendant. It renders immaterial the particular allegations in the circumstance stated, with no effect upon the burden of proof as to the material allegations. By the language of the section, the burden is on the State “to prove the incorporation of any corporation mentioned in the indictment” if the defendant timely files a verified plea denying the existence of the corporation.
No question was raised before or during the trial as to the constitutionality *949 of § 12-21-201, and no reference was made to it until defendant filed his motion for a new trial. Appellant recognizes that ordinarily the unconstitutionality of a statute is required to be raised on or before the trial. Hollis v. State, Ala.Cr.App., 380 So.2d 409 (1980). We are unable to agree with his contention that the constitutional question “goes to the jurisdiction of the Court.” Neither James v. State, 21 Ala.App. 295, 107 So. 727 (1926), which permitted defendant to raise for the first time on appeal an attack upon the constitutionality of a statute creating the court in which defendant was tried, nor Cook v. State, 32 Ala.App. 54, 21 So.2d 446 (1945), in which it was held that the trial court had no jurisdiction because the indictment therein was void, is in point. Here the trial court is a court of general jurisdiction, and the validity of the indictment is not subject to serious question.
Aside from any question as to the constitutionality of § 12-21-201, we must conclude that, notwithstanding official certificates attached to defendant’s motion for a new trial to the effect that no record of the incorporation of Circle J Western World was in the appropriate office therefor in Madison County or in the office of the Secretary of State at Montgomery, the transcript in this case shows by the testimony of a witness who should have known that the named entity was a corporation. This is to be observed from appellant’s summary of the evidence as quoted in the first part of this opinion wherein he said, “Mr. Stevens testified that he was the owner of Circle J Western World, the same being a corporation in which he owned all of the stock.” Furthermore, on cross-examination of the witness, we find:
“Q. Mr. Stephens, are you the sole owner of Circle J Western World?
“A. Circle J now is incorporated. I own all the stock in it, so I guess I would be the sole owner.
“Q. You own all the stock in Circle J Western World?
“A. Yes, ma’am.
“Q. So there are no other stockholders in that corporation?
“A. No, ma’am. There was at the time we incorporated, then they sold all of the stock back to me.
“Q. And it’s Circle J Western World, Incorporated?
“A. Yes, ma’am.”
Appellant urges that the Habitual Felony Offenders Act is in deprivation of a defendant’s due process right in that it does not require notice to defendant prior to his conviction that he would be sentenced as an habitual offender. He also urges that “the application of the Habitual Offender Act to him constituted cruel and unusual punishment violative of the Eighth Amendment to the United States Constitution because the court sentencing the defendant could not consider the nature of the underlying felonies or defendant’s prior treatment and response to a particular treatment subsequent to those convictions since sentencing under the Habitual Offender Act is mandatory once the requisite number of felonies have been proven.” Both contentions have been decided adversely to appellant, particularly and recently in Holley v. State, Ala.Cr.App., 397 So.2d 211 (1981).
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.