ON RETURN TO REMAND
Appellant, Joseph Samuel Maye, was indicted by the Sumter County grand jury for the offense of burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. He was subsequently tried and convicted on this charge and as a habitual offender was sentenced to fifteen years' imprisonment.
The evidence, when viewed in a light most favorable to the state, indicates that the appellant burglarized Johnny's Food Store in York, Alabama, during the early morning hours of November 28, 1983. He apparently gained entry by throwing a cement block through the glass front door. Taken in the burglary were nickel coin wrappers, a masonic ring, a key to a drink *Page 690 
box, seven dollars in dimes, several bent nickels, dimes, and quarters, and a check issued by Herbert Jemison payable to Johnny's Food Store in the amount of $10.66.
At approximately 11:00 a.m., the day of the burglary, the York Police Department received a call from Mrs. Linda Stuart, who worked at another convenience store in York. She reported that the appellant had been in the store and had attempted to cash the $10.66 check taken in the robbery. She had refused to cash the check, and the appellant had left on foot. He was apprehended approximately one hour later, one-half to three-quarters of a mile away, walking down the street. Among other items in his possession at the time of arrest were nickel and dime coin wrappers and a bent quarter. The quarter was identified at trial by Johnny Lee Clark as one of the quarters taken from his cash register during the burglary; he could identify it because of certain damage to the quarter which made it unique.
The appellant now appeals, raising the following issues:
 I
The appellant first contends that he was penalized with a longer sentence because he refused to plead guilty. Before trial, District Attorney Nathan Watkins advised appellant's attorney that if the appellant would plead guilty he would recommend a three-year sentence and thus avoid the application of the Habitual Felony Offender Act. The appellant chose not to plead guilty, was found guilty, and was subsequently sentenced to a fifteen-year sentence under the Habitual Felony Offender Act.
When a district attorney has knowledge of a defendant's prior convictions, he has a legal duty as an officer of the court to inform the court so that the court can sentence the defendant under the mandatory sentencing provisions of § 13A-5-9, Code of Alabama 1975 (Habitual Felony Offender Act). Miliner v. State,414 So.2d 133 (Ala.Cr.App. 1981); Alpin v. State,421 So.2d 1299 (Ala.Cr.App. 1981). Therefore, even if the appellant had pleaded guilty, the district attorney would have had to inform the court of the prior convictions of which he was aware. The offer, if in fact made, was for a result not within the power of the offeror to bring about.
It is also settled law that upon the receipt of such information from the district attorney, the trial court would have to apply the Habitual Felony Offender Act, as its application is mandatory. Ala. Code 1975, § 13A-5-9 (a). See also Miliner, supra; Watson v. State, 392 So.2d 1274
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981).
Therefore, regardless of any sentencing recommendation of the district attorney, the trial court would be bound to sentence according to § 13A-5-9. The appellant had two prior felonies and stood convicted of burglary III, a class C felony, in the instant case. Therefore, § 13A-5-9 (b)(1) would be applicable. It provides:
 "In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
 "On a conviction of a Class C felony, he must be punished for a Class A felony."
Section 13A-5-6, Code of Alabama 1975, provides that a defendant convicted of a class A felony shall be sentenced to life imprisonment or not more than 99 years or less than 10 years. Therefore, the appellant's 15-year sentence was within the statutory limits. The three-year sentence appellant contends he was denied because he pleaded not guilty was statutorily impossible.
It is not within the province of this court to review sentences which are within the statutorily prescribed limits, as is the sentence in the instant case. Wallace v. State,408 So.2d 171 (Ala.Cr.App. 1981), cert. denied, Ex parte Wallace,408 So.2d 173 (Ala. 1982); Brown v. State, 392 So.2d 1248
(Ala.Cr.App.), cert. denied, Ex parte Brown, 392 So.2d 1266
(Ala. 1980).
We therefore find no error in the sentencing of the appellant. *Page 691 
 II
The appellant next contends that the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, is unconstitutional on the grounds that its mandatory provisions, as applied to him, impose cruel and unusual punishment and are violative of the principles enunciated in Solem v. Helm, 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
The constitutionality of § 13A-5-9 has been upheld in numerous cases. Minor v. State, 451 So.2d 433 (Ala.Cr.App. 1984); Edwards v. State, 399 So.2d 946 (Ala.Cr.App. 1981);Jackson v. State, 440 So.2d 1181 (Ala.Cr.App. 1983). Here, again, we hold § 13A-5-9 to be constitutional.
Although Solem v. Helm, supra, does not apply in this case, we nevertheless find that the sentencing of appellant under §13A-5-9 in no way went astray from the principles set forth in that case.
Therefore, the judgment of the circuit court is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.