## Ex parte ETHERIDGE.

## ETHERIDGE v. STATE.

### (I Div. 355.)

(Supreme Court of Alabama. Jan. 28, 1925.)

**Fines** ⟜11—**Judgment held defective as related to punishment, if fine and costs imposed were not paid.**

Judgment on conviction for possession of intoxicating liquor, which provided that, defendant having defaulted in payment of fine and costs, and having failed to confess judgment for same, "it is considered and adjudged

* * * that the defendant perform hard labor, * * * for the term of six months," *held* erroneous, under Code 1907, §§ 7634, 7635, providing for manner of court's procedure in such instances.

Certiorari to Court of Appeals.

Petition of A. Bruce Etheridge for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Etheridge v. State, 103 So. 66. Writ awarded; reversed and remanded.

F. K. Hale, Jr., of Mobile, for petitioner.
Harwell G. Davis, Atty. Gen., for the State.

Briefs of respective counsel did not reach the Reporter.

MILLER, J. This defendant was indicted and tried for having in his possession spirituous liquors contrary to law. The jury convicted him, and assessed a fine of $500. The court pronounced a judgment of guilt on the verdict of the offense charged, and then entered the following order and judgment:

"And the defendant having made default in the payment of the said fine and costs, and having failed to confess judgment for the same, it is considered and adjudged by the court that the defendant perform hard labor for the county of Mobile for the term of six months."

This was clearly and manifestly wrong, which error is apparent in the record proper. The trial court overlooked two statutes (sections 7634 and 7635, Code of 1907). When the defendant failed to pay or confess judgment for the fine of $500, the court in its discretion should have sentenced him either to perform hard labor for the county or to imprisonment in the county jail for 140 days. Section 7634, Code of 1907. And, when he failed to pay or confess judgment for the court cost, then he should have been sentenced by the court to perform hard labor for the county for such period, not to exceed 10 months, as may be sufficient to pay the costs at the rate of 75 cents per day, and the trial court must determine the time required to work out such costs at that rate. Section 7635, Code of 1907. See, also, Walker v. State; 58 Ala. 396, and Evans v. State, 109 Ala. 12, h. n. 14, 19 So. 535.

The petition is granted and the cause is reversed and remanded to the Court of Appeals for further consideration in accordance with this opinion.

Writ awarded; reversed and remanded.

All the Justices concur.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes