(128 So. 464)

## TOLLISON v. STATE.
### 4 Div. 575.

Court of Appeals of Alabama.
April 22, 1930.

Rehearing Denied May 20, 1930.

A. Whaley, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appeal is upon the record proper; there being no bill of exceptions. Under the statute, we are required to consider all questions apparent on the record and to render such judgment as the law demands. Code 1923, § 3258.

The indictment charged this appellant and a certain named woman, not on trial, with the offense of living together in a state of adultery or fornication. The jury returned a verdict finding this appellant, defendant James Tollison, guilty as charged, and assessed a fine against him of $300. To this extent of the record there appears no irregularity, and, so far as concerns the judgment of conviction, no error is apparent. The sentence imposed by the court, however, is not in conformity with the requirements of the statute, and as

a result this cause must be remanded to the lower court for proper sentence.

The offense charged was for a violation of section 3198 of the Code 1923. There is nothing in the record to show that this conviction of the appellant was for a second offense of the same character with the same party, and upon the face of this judgment the maximum punishment provided by the statute, as to hard labor, is six months, which may be added by the court. In this connection here, the lower court sentenced this appellant to nine months' hard labor as additional punishment, and, unless the conviction in this case is the second conviction for the offense with the same person, the sentence imposed is unauthorized and cannot stand, and proper sentence within the terms of the statute must be imposed.

The sentence as to cost as it appears in this judgment is likewise irregular. When the defendant failed to pay or confess judgment for the court cost, he should have been sentenced by the court to perform hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs at the rate of 75 cents per day, and the trial court must determine the time required to work out such costs at that rate. Section 5291, Code 1923; Ex parte Etheridge, 212 Ala. 466, 103 So. 66; Bruce Ethridge v. State, 20 Ala. App. 485, 103 So. 66.

Affirmed; remanded for proper sentence.